Jewel FRAME, Petitioner,

v.

MARLIN FIREARMS COMPANY, INC., et al., Respondents.

Supreme Court of Tennessee.

Oct. 15, 1974.

Richard H. Harrison, T. Arthur Jenkins, Manchester, for petitioner.

John M. McCord, Henry, McCord, Forrester & Richardson, Tullahoma, for respondents.

## OPINION

FONES, Chief Justice.

Jewel Frame, plaintiff below and petitioner here, sustained an injury on September 3, 1969, when a .22 rifle discharged because of an alleged defective safety device. His wife had purchased the rifle on August 19, 1969, from Western Auto Associate Store.

Petitioner brought a products liability suit against Western Auto Associate Store, the retailer, Western Auto Supply Company, the middleman, and Marlin Firearms Company, Inc., (hereinafter "Marlin"), the manufacturer of the rifle. The complaint that appears in the technical record was filed on November 22, 1972, as Docket No. 12193. The complaint fails to allege the filing of a prior suit. However, this defect was cured by Marlin's answer which alleged the filing of a prior suit by Petitioner on September 3, 1970, and the voluntary dismissal thereof on November 29, 1971.

Marlin also alleged that it sold the rifle in question to the middleman, Western Auto Supply Company, on October 30, 1968; that the plaintiff's cause of action against Marlin had accrued more than one year prior to the institution of the original suit on September 3, 1970, and was therefore barred by T.C.A. § 28–304. After all defendants had answered and other steps taken in the litigation, Marlin filed a motion for summary judgment based on the statute of limitations, which motion was sustained by the trial judge. The significant portion of his order sustaining the summary judgment is as follows:

"It is the opinion of the Court that the pleadings and process in the present case and the pleadings and process in case No. 11,191, show that the cause of action of plaintiff against defendant Marlin Firearms, Inc. is barred by the statute of limitations.

That the statute of limitations in this particular case began to run as to the defendant Marlin on the date of sale to plaintiff, to wit: August 19, 1969."

While it is not clear from this record, the learned trial judge apparently did not give effect to the amendment of T.C.A. § 28–304, Chapter 293, Public Acts of 1969, effective May 20, 1969, because of Marlin's position that the date of its sale to the middleman had significance.

■ From the trial court's action granting Marlin's motion for summary judgment and dismissing the plaintiff's case as to Marlin, petitioner prayed, and was granted, a discretionary appeal to the Court of Appeals. Proceedings in the trial court, with respect to the other defendants, are in abeyance, awaiting the outcome of this appeal. There is no bill of exceptions in this case and the action of the trial judge was based entirely upon pleadings and process in the technical record. The Court of Appeals had no jurisdiction and the appeal thereto and proceedings therein must be disregarded. The case is in this Court by grant of the writ of certiorari.

Marlin has moved to dismiss the appeal on the ground that it is interlocutory, premature, and contrary to settled law in this state.

Prior to March 27, 1974, discretionary appeals were authorized only in equity causes under circumstances expressly provided in T.C.A. § 27–305. Said statute, prior to its recent amendment, did not authorize a discretionary appeal in tort cases, or any other law case.

Petitioner responded with very persuasive arguments for the allowance of interlocutory appeals in multiple-party cases made possible by Rule 20 TRCP. The Legislature has so provided by the enactment of Chapter 618, Public Acts of 1974, effective March 27, 1974, completely revising T.C.A. § 27–305.

The Fourth grammatical paragraph of said Public Act is identical, in effect, with Rule 54(b), Federal Rules of Civil Proce-

dure. Pursuant to the terms of said fourth paragraph, when multiple parties are involved, as here, a Chancellor or a Circuit Judge, in a law case or an equity case, may direct the entry of a final judgment as to one or more, but fewer than all of the parties. However, as an absolute prerequisite to an interlocutory appeal from such·final judgment, the trial judge must certify, first, that the court has directed entry of final judgment as to one or more, but fewer than all of the parties, and, second, make an express determination that there ·is no just reason for delay. See Wright & Miller Federal Practice and Procedures, Sec. 2660. Moore's Federal Practice, Sec. 54.41, provides a guide to an appropriate certificate.

■ T.C.A. § 27–305, as amended by Chapter 618, Public Acts of 1974, being a procedural statute, is remedial and may be given retrospective effect. National Life & Accident Ins. Co. v. Atwood, 29 Tenn. App. 141, 194 S.W.2d 350 (1949), 50 Am. Jur., Statutes, § 482, N. 4. A new law changing a rule of practice is applicable to all cases then pending. The instant case obviously has the status of a pending action.

■ Nevertheless, in the present posture of the case, we are unable to assume jurisdiction for the purpose of reviewing the action of the trial judge in sustaining Marlin's plea of the statute of limitations, on this interlocutory appeal. A necessary prerequisite to our doing so is the entry of an order by the trial judge, containing his express certificate that he has directed entry of a final judgment as to Marlin, and that he has made a determination that there is no just reason for delaying an interlocutory appeal of said final judgment. While reason and logic would seem to support our construing the trial judge's grant of a discretionary appeal as implying said determinations, the orderly administration of justice prevents our circumventing mandatory requirements for such interlocutory review.

The fourth paragraph of Chapter 618, Public Acts of 1974, further provides that, " . . . the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Upon remand of this cause for further proceedings, petitioner may apply for and the trial judge, in his discretion, may certify the determination and direction required by T.C.A. § 27–305, as amended, since the action taken with respect to Marlin is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all parties.

This cause is remanded to the trial court for further proceedings consistent with this opinion. The costs of this appeal are adjudged against petitioner.

COOPER, BROCK and HARBISON, JJ., concur.

HENRY, J., did not participate.