**Patsy LOYD, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

Supreme Court of Tennessee.

March 17, 1975.

Robert D. Arnold, Johnson City, for appellant.

Sidney W. Gilreath, Robert E. Pryor, Knoxville, amicus curiae.

Thomas E. Mitchell, James T. Milliken, Johnson City, for appellee.

## OPINION

PER CURIAM.

In this case the appellant sued two individual defendants and appellee State Farm Mutual Automobile Insurance Company for damages in the Circuit Court of Washington County. The action is brought for the wrongful death of the deceased husband of appellant in an automobile accident which occurred on or about August 12, 1972. The decedent, Larry D. Loyd, was killed when a motorcycle on which he was riding was in collision with an automobile being driven by James A. Carr; after the impact with the Carr vehicle, it is alleged that decedent was thrown into the path of another vehicle being driven by defendant below, Steven Walls.

Appellee, State Farm Mutual Automobile Insurance Company, is made a party pursuant to the provisions of T.C.A. § 56–1148 et seq., because it is alleged that the defendant James A. Carr was an uninsured motorist. It is alleged that appellee State Farm was the liability insurer of the decedent, and that the liability policy contained uninsured motorist coverage as required by the Tennessee statutes.

Appellee filed a special appearance seeking to remove itself as a party defendant, and denying that there was any coverage in this case because the deceased husband of plaintiff was riding a motorcycle owned by him. This was not the vehicle insured under the liability policy, and the policy provisions purport to exclude coverage to an insured while occupying a vehicle owned by him which was not insured under the liability policy.

The plaintiff, appellant here, also moved for summary judgment and full briefs were submitted by both parties as to whether the exclusion relied upon by appellee is a valid one or whether it conflicts with the coverage required to be furnished by an insurance carrier under T.C.A. § 56–1148.

After receiving briefs on this subject, the trial judge entered an order on March 13, 1974, to the effect that the motion for summary judgment filed on behalf of appellant was not well taken, but that the motion filed on behalf of appellee State Farm was well taken and was sustained. The plaintiff excepted to this order, and subsequently, on April 15, 1974, an amended order was entered for the purpose of permitting appellant to file as an exhibit the insurance policy in question.

At the conclusion of this order the appellant undertook again to except and to pray an appeal to this Court. The order contains no language by the trial judge allowing the appeal, but it does contain directions by the trial court as to the filing of an appeal bond and noting that no bill of exceptions would be required since there was no issue of fact in the case.

Subsequently, on September 16, 1974 the trial court entered a further order permitting the transfer of the original exhibits to this Court.

There has been no disposition of the case in the trial court as to the two individuals named as defendants to the action, James A. Carr, who is alleged to have been the uninsured motorist, and Steven Walls, whose vehicle is alleged to have struck and killed the decedent after his initial collision with the Carr vehicle. Nor has there been an entry of a final judgment dismissing State Farm from the action.

The question of whether coverage is extended to an insured under his own liability policy, through its uninsured motorist provisions, in circumstances such as those shown in the present case is a very important one and is a question upon which the appellate courts of the various states have been divided in their decisions. The issue apparently is one of first impression in this state.

Nevertheless, we are of the opinion that this case is controlled by the decision of this Court in the case of Frame v. Marlin

Firearms Company, Inc., 514 S.W.2d 728 (Tenn.1974), because of the procedure which has been followed in the case.

As pointed out in the *Marlin* case, prior to March 27, 1974 there was no provision for any sort of interlocutory appeal in law cases in this state. Discretionary appeals were authorized only in equity cases under circumstances expressly provided in T.C.A. § 27–305.

By Chapter 618 of the Public Acts of 1974, effective March 27, 1974, T.C.A. § 27–305 was completely revised and rewritten. Under its terms, in the fourth paragraph, where multiple parties are involved, the trial judge may direct the entry of a final judgment as to one or more, but fewer than all of the parties. As pointed out in the *Marlin* case:

"However, as an absolute prerequisite to an interlocutory appeal from such final judgment, the trial judge must certify, first, that the court has directed entry of final judgment as to one or more, but fewer than all of the parties, and, second, make an express determination that there is no just reason for delay." 514 S.W.2d at 729–730.

■ This procedure has not been followed in the present case, nor has the trial judge undertaken to certify the question as a controlling question under the third paragraph of T.C.A. § 27–305 as amended.

■ As pointed out in the *Marlin* case, the new statute is applicable to pending cases as well as to suits brought after its effective date. In the present case, as in the *Marlin* case, the Court is unable to assume jurisdiction of the present appeal because of the lack of a proper certification by the trial judge. Although the inclination of this Court is not to take a technical approach, there is no question but that the certification by the trial judge in deciding to enter a final judgment as to fewer than all of the defendants or fewer than all the claims is an absolute prerequisite to appeal under the new statute. As stated in the *Marlin* case:

"While reason and logic would seem to support our construing the trial judge's grant of a discretionary appeal as implying said determinations, the orderly administration of justice prevents our circumventing mandatory requirements for such interlocutory review." 514 S.W.2d at 730.

It accordingly results that this case is remanded to the trial court for proceedings consistent with this opinion. The trial judge, in his discretion, may certify the determination and direction required by T.C.A. § 27–305, as amended, under the fourth paragraph thereof, or he may certify the importance of the question presented under the third paragraph thereof or, of course, he is free to withhold the entry of any judgment until a final disposition of the case. He is also free to reconsider the adjudication which has been made on the motions for summary judgment.

Costs of the appeal are taxed to appellant.