**LOKEY–KINSER REALTY COMPANY,**
Plaintiff-Appellee,

v.

**The ALLEN COMPANY, INC.,**
Defendant-Appellant.

Court of Appeals of Tennessee,
Western Section at Nashville.

May 5, 1983.

Permission to Appeal Denied
July 25, 1983.

Hugh C. Howser, Nashville, for plaintiff-appellee.

Douglas S. Hale, Franklin, for defendant-appellant.

CRAWFORD, Judge.

This case is in this court for the second time. The defendant-lessor appealed from a judgment of the trial court allowing the plaintiff-tenant to sublease office space. The plaintiff brought this suit for a declaratory judgment and damages. This court determined that the judgment appealed from granted a declaratory judgment, declared the rights of the parties as to future damages, granted judgment for money damages, and expressly retained the cause for ascertainment and award of future damages. This court then held that the judgment was not a final judgment appealable as of right pursuant to T.R.A.P. 3(a), but that it would be a proper case for entry of a final judgment pursuant to Tenn.R. Civ.P. 54.02 if the Chancellor should see fit to do so. The case was thereupon dismissed without prejudice to the prosecution of an appeal after entry of a final judgment or the entry of a final partial judgment as provided by Rule 54.02.

The case is now before us on appeal from the following order:

This action came on to be heard on this the 3rd day of September, 1982 upon two motions by plaintiff. In the first motion plaintiff moves that the words "the amended complaint" be stricken from the decree entered on February 11, 1982 on the grounds that there was no amended complaint in the action and the insertion of said words was by inadvertence or oversight, and the defendant's counsel being present in Court and offering no objection, it is ordered that said motion is granted and the words "the amended complaint" are stricken from said decree. This action came on further to be heard on plaintiff's motion for a partial final judgment pursuant to Rule 54.02, Tennessee Rules of Civil Procedure, by amending the judgment heretofore entered awarding plaintiff a judgment of $3,094.74 by changing same to $6,139.49, said judgment representing damages for

the additional months of March, April, May, June and July at $495.00 per month and the month of August, 1982 at $569.25 per month, said judgment to be a final partial judgment, with the balance of said judgment to remain in full force, and thus to make the judgment a final partial judgment so as to be appealable as a right under Rule 3(a), Tennessee Rule of Appellate Practice, and it appearing that counsel for the defendant was present in Court and offered no objection thereto, said motion is granted.

IT IS, THEREFORE, ORDERED that the order heretofore entered in this action of record in Minute Book 19, Page 152, on February 11, 1982, is amended and plaintiff is hereby awarded a final partial judgment against the defendant of $6,139.49, which judgment is a final partial judgment pursuant to Rule 54.02, Tennessee Rules of Civil Procedure, and hence said judgment is final and appealable as a right under Rule 3(a) of the Tennessee Rules of Appellate Practice. The balance of said judgment, said action being filed as a declaratory judgment action, shall remain in full force and effect and damages will continue to accure [sic] on the monthly basis as therein provided, subject to the provisions in said former judgment concerning the subletting of the premises to another party. This action is expressly retained in Court for such other and further orders as may be required or necessary and the costs are taxed against the defendant, The Allen Company for which execution may issue. Tenn.R.Civ.P. 54.02 is as follows:

When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of deci-

sion, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Rule 54.02 is identical to Tenn.Code Ann. § 27-3-105(d) (1980), formerly § 27-305, now repealed.

This court has previously determined that the judgment of the court was not final and appealable as of right under T.R.A.P. 3(a), and the judgment appealed from in this proceeding is still in the same posture unless a final judgment of fewer than all of the claims has been entered pursuant to Tenn.R.Civ.P. 54.02. We believe that this case is controlled by the recent case of *Stidham v. Fickle Heirs,* 643 S.W.2d 324 (Tenn.1982), which held in dealing with Tenn.Code Ann. § 27-305 that in the absence of an express determination that there is no just reason for delay and the express direction for the entry of the judgment, the order or judgment is interlocutory and not appealable as of right under T.R.A.P. 3(a). Justice Drowota speaking for the court said:

The language of the fourth paragraph requires as an *absolute* prerequisite to an appeal the certification by the trial judge, first that the court has directed "the entry of a final judgment as to one or more but fewer than all of the claims or parties," and, second, make "an express determination that there is no just reason for delay." T.C.A. § 27-305; *Loyd v. State Farm Mutual Automobile Ins. Co.,* 521 S.W.2d 556, 558 (Tenn.1975); *Frame v. Marlin Firearms Co., Inc.,* 514 S.W.2d 728, 729-30 (Tenn.1974). (Emphasis supplied)

*Id.* at 325.

This language is consistent with the earlier view of our Supreme Court as expressed

by Chief Justice Fones in *Frame v. Marlin Firearms Co., Inc., supra:*

> A *necessary prerequisite* to our doing so [assuming jurisdiction] is the entry of an order by the trial judge, containing his express certificate that he has directed entry of a final judgment as to Marlin, and that he has made a determination that there is no just reason for delaying an interlocutory appeal of said final judgment. While reason and logic would seem to support our construing the trial judge's grant of a discretionary appeal as implying said determinations, the orderly administration of justice prevents our circumventing mandatory requirements for such interlocutory review. (Emphasis supplied).

*Id.* at 730.

Therefore, the appeal is dismissed without prejudice to the prosecution of an appeal after the entry of a proper final judgment. The costs of this appeal are adjudged against the defendant.

NEARN, P.J. (W.S.), and HIGHERS, J., concur.