# IN THE COURT OF APPEALS OF TENNESSEE,
## AT JACKSON

_____

|  |  |  |
|---|---|---|
| **LORENZO CHILDRESS, JR.,** | ) | Shelby County Circuit Court |
| **d/b/a SOUTHGATE MEDICAL** | ) | No. 37267 T.D. |
| **GROUP**, | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | |
| | ) | |
| VS. | ) | C.A. No. W1998-00658-COA-R3-CV |
| | ) | |
| **UNION REALTY COMPANY,** | ) | |
| **LTD., a Tennessee Limited Partnership**, | ) | |
| | ) | |
| Defendant/Appellant. | ) | |
| | ) | |

**FILED**

**December 15, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

_____

From the Circuit Court of Shelby County at Memphis.
**Honorable George H. Brown, Judge**

**William M. Jeter,**
GLASSMAN, JETER, EDWARDS & WADE, P.C., Memphis, Tennessee
Attorney for Defendant/Appellant.

**Bruce D. Brooke**,
NEELY, GREEN, FARGARSON, BROOKE & SUMMERS, Memphis, Tennessee
Attorney for Plaintiff/Appellee.

OPINION FILED:

**DISMISSED AND REMANDED**

**FARMER, J.**

**CRAWFORD, P.J., W.S.**: (Concurs)
**LILLARD, J.**: (Concurs)

Defendant Union Realty Company, Ltd., appeals the trial court's judgment entered on a jury verdict in the amount of $168,000 in this action for negligence and breach of lease. We dismiss Union Realty's appeal without prejudice based upon our conclusion that the judgment appealed is not a final judgment appealable as of right under the Tennessee Rules of Appellate Procedure.

Plaintiff/Appellee Lorenzo Childress, Jr., d/b/a Southgate Medical Group, filed this action for negligence and breach of lease against Union Realty and other defendants[1] in January 1991. Childress operated the Southgate Medical Group in premises that he leased from Union Realty on South Third Street in Memphis, Tennessee. Childress's complaint alleged that, as a result of Union Realty's failure to repair the roof of the premises, the roof collapsed and caused extensive damages to Childress's medical practice.

In addition to answering Childress's complaint, Union Realty filed a third-party complaint against Dynamit Nobel of America, Inc. Union Realty's third-party complaint sought indemnity and/or contribution against Dynamit Nobel in the event Union Realty was ordered to pay any damages to Childress in the underlying action.

Union Realty later filed a counter-complaint against Childress for breach of the parties' lease agreement. In its counter-complaint, Union Realty alleged that Childress had breached the lease by failing to secure a waiver of subrogation rights from his insurance carrier as required by section 48 of the lease. As pertinent, section 48 provided that

> Lessee [Childress] waives and releases any claim or right of recovery against Lessor [Union Realty] . . . for any loss resulting from causes covered by insurance, and shall procure a waiver of subrogation against Lessor on the part of its insurer by an endorsement to all insurance policies whereby the insurer recognizes that the insured has waived any right of recovery from Lessor, its employees, agents, officers, partners, subsidiaries and/or affiliated entities. A copy of such endorsement shall be deposited with Lessor.

---

[1]The other named defendants included Union Realty's three general partners, Belz Investco, L.P., URCO, Inc., and Jack A. Belz, and the property manager, Jack A. Belz and/or Belz Investco, L.P., d/b/a Belz Enterprises.

In his answer to Union Realty's counter-complaint, Childress admitted that he had failed to comply with the lease's waiver of subrogation provision; however, Childress contended that the provision should not be enforced against him for various reasons.[2] Union Realty later moved for partial summary judgment based upon Childress's breach of this provision. The trial court denied the motion.

Prior to trial, the trial court entered an order granting the joint motion for separate trial made by Union Realty and Dynamit Nobel pursuant to rule 20.02 of the Tennessee Rules of Civil Procedure. The trial court's order stated that

> the claim for indemnity should be tried separately to prevent prejudice, undue expense, and potential confusion by a jury.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the third-party claim be severed from the pending claim and tried at a later date.

During the trial on Childress's claims for negligence and breach of lease, Union Realty learned that, contrary to his pretrial admission, Childress had complied with the lease's waiver of subrogation provision by obtaining a commercial insurance policy from Nationwide Insurance Company under which Union Realty was named as an additional insured and under which Nationwide waived its right to pursue a subrogation claim against Union Realty. Based upon this development, Union Realty contended that Childress could not recover from Union Realty any amounts that Childress had received from his insurer, Nationwide. In support of this defense, Union Realty proffered as evidence the Nationwide insurance policy, the testimony of Childress, the testimony of Nationwide claims adjuster William G. Stevenson, and the proposed settlement recap pursuant to which Nationwide settled Childress's claim. The proffered evidence showed that Nationwide settled Childress's claim for the total amount of $147,714.11. Of this amount, Nationwide paid Childress $82,153.13 for "business personal property loss" and $55,661.10 for "loss of income."

---

[2]Specifically, Childress contended that Union Realty had waived its right to insist on performance of this provision, that the provision was contrary to public policy, that the provision was the result of a contract of adhesion, and, finally, that Union Realty had misrepresented to Childress that the lease agreement was a "standard" lease without disclosing that Union Realty had added a new paragraph containing the provision to the document.

At the conclusion of trial, Union Realty moved for a directed verdict as to any personal property losses that were covered by Childress's policy with Nationwide. The trial court denied the motion. The jury subsequently returned a verdict in favor of Childress in the total amount of $168,000. The jury found that Union Realty had breached the parties' lease agreement, and it awarded Childress the following damages:

| | | |
|---|---|---|
| (1) | Personal Property - Contents | $154,000.00 |
| (2) | Fixtures | 0.00 |
| (3) | Improvements: Loss Investments | 0.00 |
| (4) | Business Interruption | $ 10,000.00 |
| (5) | Loss of Profits/Income | $ 2,400.00 |
| (6) | Storage | $ 100.00 |
| (7) | Relocation Expenses | $ 1,500.00 |

After the trial court entered its judgment on the jury's verdict, Union Realty filed a motion for new trial or remittitur and a motion to alter, amend, or vacate the judgment. As grounds for its motions, Union Realty asserted, *inter alia*, that the trial court erred in charging the jury on damages associated with personal property, business interruption, and loss of profits/business income "when the policy of insurance applicable to the property provided a waiver of subrogation clause, as was required by the lease agreement, and further the lease agreement provided that the plaintiff [Childress] had waived and released any claim or right of recovery against the defendant [Union Realty] for any loss resulting from causes that were covered by insurance." The trial court denied the motions, and Union Realty appealed.

On appeal, Union Realty raises, almost verbatim, the same issue that it raised in its post-trial motions. We do not reach the merits of this issue, however, because we conclude that the order appealed is not a final, appealable order and, thus, that this appeal must be dismissed.

Union Realty appealed the trial court's judgment pursuant to rule 3(a) of the Tennessee Rules of Appellate Procedure, which provides that

> [i]n civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 [of the Tennessee Rules of Appellate Procedure (Interlocutory Appeal by Permission from the Trial Court)] and in Rule 54.02 [of the]

> Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

T.R.A.P. 3(a).

Union Realty has attempted to appeal an order that adjudicates fewer than all the claims of all the parties. Specifically, the order does not adjudicate Union Realty's third-party claim for indemnity and/or contribution against Dynamit Nobel.[3] Moreover, the order was not made final pursuant to the provisions of rule 54.02 of the Tennessee Rules of Civil Procedure. Accordingly, the order appealed is not a final order appealable as of right under rule 3(a). *See Lokey-Kinser Realty Co. v. Allen Co.*, 655 S.W.2d 162, 163 (Tenn. App. 1983); *Barnes v. Bright Glade Convalescent Home*, No. 02A01-9801-CV-00011, 1998 WL 749416, at *2 (Tenn. App. Oct. 28, 1998) (*no perm. app. filed*); *Newland v. Bandy*, No. 03A01-9102-CV-00085, 1991 WL 170629, at *1 (Tenn. App. Sept. 6, 1991) (*no perm. app. filed*).

We recognize that the trial court's order granting Union Realty's and Dynamit Nobel's joint motion for separate trial purported to "sever" the third-party claim from the underlying action. (T.R. vol. 2, p. 183). This court was faced with a similar situation in *Petitt Construction Co. v. Crown American Corp.*, No. 03A01-9404-CV-00139, 1994 WL 502576 (Tenn. App. Sept. 15, 1994) (*no perm. app. filed*). In that case, Petitt Construction Company sued Crown American Corporation to recover amounts due for work performed on the Bradley Square Mall. Crown American, in turn, filed a third-party complaint against American Mall Interiors Construction and Design, Inc. (AMI). In support of its third-party claim against AMI, Crown American contended that, if anyone was obligated to Petitt, it was AMI because AMI had agreed in writing to be responsible for any additional invoices on the Bradley Square Mall job that surfaced after a certain date.

---

[3]The order appealed also does not indicate how or if the trial court disposed of Childress's claims against the other defendants. *See supra* note 1. At the trial's conclusion, the trial court directed a verdict in favor of all of the defendants except Union Realty; however, the trial court's judgment entered on the jury's verdict does not reflect this ruling.

As in the present case, the trial court entered a pretrial order that purportedly "severed" the third-party claim from the original action. The original action then proceeded to trial where judgment was entered on a jury verdict in the amount of $7500, plus pre-judgment interest, in favor of Petitt. When Crown American appealed the judgment, however, this court dismissed the appeal, concluding that the appeal was premature because the judgment was not final. We explained that

> [w]hile the trial court stated that the Third Party Complaint was "severed," we do not believe that this is the type "severance" contemplated by Tenn. R. Civ. P. 21, which provides as follows:
>
>> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.
>
> The instant case is not unlike the case of *Pridemark Custom Plating v. Upjohn Co.*, 702 S.W.2d 566 (Tenn. App. 1985), where the trial court entered an order "severing" a third party complaint. In *Pridemark*, we held that the trial court's "severance" was actually the ordering of a separate trial under Tenn. R. Civ. P. 42:
>
>> In the cases at bar, Upjohn filed third party claims seeking indemnity or contribution from several defendants. The trial court entered an order "severing" the third party actions from the trial of the principal actions. Upjohn contends that this operates as a "severance" under Tenn. R. Civ. P. 21 when the trial court should have granted separate trials pursuant to Tenn. R. Civ. P. 42.02. . . . Although the trial court used the term "sever" in its orders, it appears that what the court intended to do was to order separate trials pursuant to Tenn. R. Civ. P. 42.02 . . .
>
> *Id*. at 577. *See also Donner v. Soloff Construction Company, Inc.*, No. 03A01-9309-CH-00324 (Tenn. App. at Knoxville, September 7, 1994).
>
> In our opinion, the trial court in the instant case did not sever the third party action under Tenn. R. Civ. P. 21, but rather ordered a separate trial under Tenn. R. Civ. P. 42.02, which provides as follows:
>
>> The court for convenience or to avoid prejudice may in jury trials order a separate trial of any one [or] more claims, cross-claims, counterclaims, or third-party claims, or issues on which a jury trial has been waived by all parties. For the same purposes the Court may, in nonjury trials, order a separate trial of any one or more claims, cross-claims, counterclaims, third-party claims, or issues.

Since the third party action was still pending when the Judgment appealed from in this case was entered, that Judgment is not a final judgment and this appeal is therefore premature. While Tenn. R. Civ. P. 54.02 *permits* (but does not require) a trial court to direct the entry of a final judgment under circumstances such as those presently before this Court, the trial court here failed to do so.

We conclude that the Judgment appealed from in this case was not appealable as of right under Tenn. R. App. P. 3(a) and accordingly dismiss this appeal with costs being taxed to the Appellant and its surety.

*Petitt Constr. Co.*, 1994 WL 502576, at *2 (footnote omitted) (emphasis in original).

As illustrated by our decision in *Petitt Construction Co.*, courts and other authorities have drawn a distinction between the concepts of "separate trial" and "severance." As explained by one authority,

Separate trial under Rule 42.02 must be distinguished from severance under Rule 21. Severed claims, tried independently of one another, lead to independent judgments while separate trials do not lead to separate judgments. *Union Oil Co. of California v. Service Oil Co., Inc.*, 766 F.2d 224 (6th Cir. 1985); *Usrey v. Lewis*, 553 S.W.2d 612 (Tenn. App. 1977). A final order on a severed claim is immediately appealable regardless of the status of the other claims. By contrast, an order in a separate trial of a claim is appealable only upon final judgment in the trial of the principal claim, or, under Rule 54.02, upon the court's "express determination that there is no just reason for delay" and express direction for the entry of judgment. *Stidham v. Fickle Heirs*, 643 S.W.2d 324 (Tenn. 1982).

4 Nancy Fraas MacLean & Bradley Alan MacLean, *Tennessee Practice* § 42.6, at 143 (2d ed. 1989).

In the present case, the trial court entered an order that purportedly "severed" the third-party claim from the underlying action. In its order, however, the trial court also indicated that it was granting Union Realty's and Dynamit Nobel's joint motion for separate trial made pursuant to rule 20.02 of the Tennessee Rules of Civil Procedure. Despite the trial court's use of the term "severed," we believe that the trial court did not sever the third-party action under rule 21 but, rather, merely ordered a separate trial under rule 20.02. Inasmuch as the trial court ordered a separate trial rather than a severance, we further conclude that any judgment entered in this case will not become final until the trial court has entered orders adjudicating both Childress's original claims against

Union Realty and Union Realty's third-party claim against Dynamit Nobel.

The judgment appealed in the present case adjudicated only Childress's claims for negligence and breach of lease against Union Realty. As previously indicated, the record contains no order adjudicating Union Realty's third-party claim against Dynamit Nobel, and the judgment appealed was not made final pursuant to rule 54.02. In accordance with this court's decision in *Petitt Construction Co.*, therefore, we conclude that the judgment appealed is not a final judgment and that this appeal is premature.

We recognize that, in discussing the difference between a severance and a separate trial, the foregoing authorities referred to rule 42.02 of the Tennessee Rules of Civil Procedure, which authorizes the trial court to order a separate trial of any one or more claims, cross-claims, counterclaims, third-party claims, or issues "for convenience or to avoid prejudice." T.R.C.P. 42.02. In contrast, the trial court in this case cited rule 20.02 when it ordered that the third-party claim be tried separately. Rule 20.02 provides that

> [t]he court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of another party against whom the party asserts no claim and who asserts no claim against the party, and may order separate trials or may make other orders to prevent delay or prejudice.

T.R.C.P. 20.02.

Although the trial court in the present case cited rule 20.02 rather than rule 42.02, we believe that the same principles apply. In commenting on the comparable federal rules, 20(b) and 42(b), courts have noted that both rules authorize the trial court to order separate trials to prevent delay or prejudice. *Smith v. Lightning Bolt Prods., Inc.*, 861 F.2d 363, 370 (2d Cir. 1988); *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974). One authority has observed that, "[a]side from emphasizing the availability of separate trials, Rule 20(b) has little significance inasmuch as the power granted the court therein also is provided by the much broader grant of discretion set forth in Rule 42(b)." 7 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 1660, at 437-38 (2d ed. 1986); *accord Pulsecard, Inc. v. Discover Card Servs., Inc.*, No.

94-2304-EEO, 1995 WL 769174, at *1 (D. Kan. Dec. 21, 1995). Accordingly, regardless of whether the separate trial was awarded under rule 20.02 or under rule 42.02, we reach the same result in concluding that the judgment appealed is not a final, appealable judgment.

We dismiss Union Realty's appeal without prejudice and remand this cause for further proceedings consistent herewith. Costs of this appeal are taxed to Union Realty, for which execution may issue if necessary.

_____
FARMER, J.


_____
CRAWFORD, P.J., W.S.


_____
LILLARD, J.