IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
May 7, 2019 Session

**LEWIS ALVIN MINYARD v. LAURA NICOLE LUCAS**

**Appeal by Permission from the Court of Appeals
Circuit Court for Knox County
No. 93853     Gregory S. McMillan, Judge**

_____

**No. E2017-02261-SC-R11-CV**
_____

We granted this appeal to consider whether a circuit court loses continuing, exclusive subject matter jurisdiction if a post-divorce petition seeking modification of a parenting plan adopted in a final divorce decree alleges facts that are tantamount to an unruly child claim, over which juvenile courts have exclusive original jurisdiction pursuant to Tennessee Code Annotated section 37-1-103.  After we granted this appeal, the General Assembly amended section 37-1-103 to expressly provide that a circuit court retains subject matter jurisdiction in these circumstances until and unless a pleading is filed or relief is sought in juvenile court and the juvenile court's exclusive original jurisdiction is invoked.  Act of April 18, 2019, 2019 Tenn. Pub. Acts ch. 167.  The General Assembly applied this amendment to all cases pending on its April 18, 2019 effective date, including this appeal.  Id. § 2.  Because no pleading was filed in juvenile court nor was the juvenile court's exclusive jurisdiction invoked in any other manner in this case, the circuit court retained subject matter jurisdiction of the post-divorce petition.  Therefore, the judgment of the Court of Appeals is reversed, and the judgment of the circuit court is reinstated.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals
Reversed and Judgment of the Trial Court Reinstated**

CORNELIA A. CLARK, J., delivered the opinion of the court, in which JEFFREY S. BIVINS, C.J., and SHARON G. LEE, HOLLY KIRBY, and ROGER A. PAGE, JJ., joined.

R. Deno Cole, Darren V. Berg, and R. Samuel English (at trial), Knoxville, Tennessee, for the appellant, Lewis Alvin Minyard.

Austin Brett Lucas, Brentwood, Tennessee, for the appellee, Laura Nicole Lucas.

# OPINION[1]

## I. Factual and Procedural History

Lewis Alvin Minyard ("Father") and Laura Nicole Lucas ("Mother") were divorced by final decree entered by the Circuit Court for Knox County, Tennessee ("Circuit Court") on August 5, 2003. The final decree adopted and incorporated the parties' Marital Dissolution Agreement, which in turn, adopted and incorporated their Permanent Parenting Plan ("PPP"). The PPP designated Mother as the primary residential parent of the parties' then almost two-year-old minor child and gave Mother major decision-making authority. Father received substantial parenting time under the PPP.

Eleven years later, on November 5, 2014, Father returned to the Circuit Court and filed a petition seeking modification of the PPP and emergency relief pursuant to Tennessee Code Annotated sections 36-6-101 et seq. Father alleged facts regarding Mother's conduct and care of the minor child, and he requested exclusive care, custody, and control of the minor child, alleging that the minor child was without the proper care and supervision and was in danger of immediate and irreparable harm in Mother's care. On the day after Father filed his petition, November 6, 2014, the Circuit Court entered an interim emergency order granting immediate sole custody to Father and setting the case for a hearing within fifteen days. See Tenn. Code Ann. § 36-6-405(b) (2017) (authorizing this process). On November 14, 2014, the Circuit Court entered an agreed order by which Mother waived her right to a hearing on the question of emergency relief, Father retained exclusive care, custody, and control of the minor child, and Mother's parenting time remained suspended.

On March 17, 2015, Mother moved to reinstate her parenting time. Father opposed the motion. On July 6, 2015, the Circuit Court granted Mother supervised parenting time and set a final hearing. On July 15, 2015, the Circuit Court entered an order allowing Mother's attorney to withdraw.

On September 29, 2015, the Circuit Court set the matter for trial on December 14, 2015, and ordered the parties to appear for mediation before the trial date. However, on November 13, 2015, Father moved for emergency injunctive relief, seeking to enjoin Mother from interfering with his care, custody, and control of the minor child, and Father alleged that the child was at risk of severe and irreparable harm. On November 13, 2015, the Circuit Court entered an interim emergency order granting sole care, custody, and control of the minor child to Father and suspending Mother's visitation and parenting

---

[1] This appeal was consolidated for oral argument with Cox v. Lucas, No. E2017-02264-SC-R11-CV, and this opinion is being released contemporaneously with the opinion in Cox. The attorneys in both cases are the same, as is the appellee, Laura Nicole Lucas.

time pending a hearing. After a hearing on December 8, 2015, the Circuit Court entered an order on December 29, 2015, continuing the matter and leaving in place its prior order granting sole custody to Father and suspending Mother's visitation with the minor child. But the December 29, 2015 order stated: "Mother may bring a motion setting this matter for a hearing at any time."

More than eighteen months later, on July 17, 2017, the Circuit Court entered a modified PPP designating Father as the primary residential parent with sole decision-making authority but providing Mother with supervised visitation.[2] Mother did not file an appeal from this order.

On September 15, 2017, after the time for filing an appeal had expired,[3] Mother, represented by new counsel, filed a document styled as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12.02(2) of the Tennessee Rules of Civil Procedure. In substance, however, this motion sought relief that was by then only available under Rule 60.02(3) of the Tennessee Rules of Civil Procedure.[4] Mother contended that the factual allegations of Father's petition were tantamount to a dependency and neglect claim. As a result, Mother argued that these allegations divested the Circuit Court of subject matter jurisdiction because juvenile courts have exclusive jurisdiction of dependency and neglect claims pursuant to Tennessee Code Annotated section 37-1-103. Mother asserted that all of the Circuit Court's orders adjudicating Father's petition were void for lack of subject matter jurisdiction. Minyard v. Lucas, No. E2017-02261-COA-R3-CV, 2018 WL 5778967, at *2 (Tenn. Ct. App. Nov. 2, 2018), perm. app. granted (Tenn. Feb. 22, 2019). The Circuit Court held a hearing but denied Mother's motion by an order entered February 20, 2018.

Mother appealed, and the Court of Appeals reversed. Id. at *7. The Court of Appeals noted that it had located only three prior decisions involving arguments like the one Mother had raised. Id. at *5. In the first case, the Court of Appeals flatly rejected the argument and held that the allegations of the post-divorce petition did not divest the chancery court of its continuing jurisdiction to modify the custodial arrangement in the

---

[2] The record does not reflect what, if anything, occurred during these eighteen months.

[3] The thirty-day time limit prescribed in Tennessee Rule of Appellate Procedure 4 is jurisdictional in civil cases. Binkley v. Medling, 117 S.W.3d 252, 255 (Tenn. 2003).

[4] This rule provides that "[o]n motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: . . . the judgment is void." Tenn. R. Civ. P. 60.02(3). Rule 60.02 states that such motions "shall be made within a reasonable time." Tenn. R. Civ. P. 60.02.

divorce decree. Munday v. Munday, No. E1999-02605-COA-R3-CV, 2000 WL 1154500, at *7 (Tenn. Ct. App. Aug. 15, 2000). In the second case, the Court of Appeals avoided definitively ruling on the question because it concluded that the allegations of the post-divorce petition were not tantamount to a dependency and neglect claim. Holley v. Holley, 420 S.W.3d 756, 760 (Tenn. Ct. App. 2013). In the third case, the Court of Appeals agreed with the argument and held that the chancery court lacked subject matter jurisdiction because the allegations in the post-divorce petition constituted a dependency and neglect claim. Tavino v. Tavino, No. E2013-02587-COA-R3-CV, 2014 WL 5430014, at *11 (Tenn. Ct. App. Oct. 27, 2014). The Court of Appeals in this appeal then followed Tavino, but it declined to determine whether Father's petition included allegations amounting to a dependency and neglect claim because it concluded that Father's allegations amounted to an unruly child claim over which juvenile courts also have exclusive jurisdiction.[5] Minyard, 2018 WL 5778967, at *7. Accordingly, the Court of Appeals ruled that the Circuit Court lacked subject matter jurisdiction and vacated "all orders of the [Circuit Court] that resulted from [F]ather's November 5, 2014 petition." Id.

Father then filed an application for permission to appeal pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure, which we granted.

## II. Standard of Review

Subject matter jurisdiction refers to a court's lawful authority to adjudicate a controversy. Chapman v. DaVita, Inc., 380 S.W.3d 710, 712–13 (Tenn. 2012). Subject matter jurisdiction is conferred and defined by the Tennessee Constitution and statutes. Id. (citing Kane v. Kane, 547 S.W.2d 559, 560 (Tenn. 1977); Computer Shoppe, Inc. v. State, 780 S.W.2d 729, 734 (Tenn. Ct. App. 1989)). "[W]hether subject matter jurisdiction exists is a question of law, [so] our standard of review is de novo . . . ." Northland Ins. Co. v. State, 33 S.W.3d 727, 729 (Tenn. 2000).

## III. Analysis

In Tennessee, circuit courts and chancery courts have subject matter jurisdiction to grant divorces and to make child custody determinations in connection with divorce proceedings. Tenn. Code Ann. § 16-10-108 (2009); id. § 36-6-101(a)(1) (2017). A final decree of divorce remains within the control of the circuit or chancery court that granted the divorce and remains "subject to such changes or modification as the exigencies of the case may require." Id. § 36-6-101(a)(1); see also id. § 36-6-217 (2017) (providing for "exclusive, continuing jurisdiction" over child custody determinations). Thus, Father

---

[5] The Court of Appeals noted that Father had not raised this argument in the Circuit Court but that he had raised it on appeal.

was eminently correct in filing his post-divorce petition seeking modification of the PPP in the Circuit Court that had granted the parties' divorce.

In concluding otherwise, the Court of Appeals relied on another statute that grants juvenile courts "exclusive original jurisdiction" over "[p]roceedings in which a child is alleged to be delinquent, unruly or dependent and neglected." Tenn. Code Ann. § 37-1-103(a)(1) (2014). As already noted, however, while this appeal was pending, the General Assembly amended section 37-1-103 to provide:

> Notwithstanding this section, nothing in subdivision [37-1-103](a)(1) shall be construed to preclude a court from exercising domestic relations jurisdiction pursuant to title 36, <u>regardless of the nature of the allegations, unless and until a pleading is filed or relief is otherwise sought in a juvenile court invoking its exclusive original jurisdiction.</u>

Act of April 18, 2019, 2019 Tenn. Pub. Acts ch. 167 (emphasis added). The General Assembly also expressly applied this amendment "to any case pending or filed on or after" its April 18, 2019 effective date. <u>Id.</u> § 2. On April 25, 2019, we entered an order directing the parties to be prepared to address the effect of this amendment at oral argument on May 7, 2019.

Having now considered the briefs and arguments of the parties, we conclude that the April 18, 2019 amendment controls the outcome of this appeal.[6] By its terms the amendment applies to this appeal that was pending on its April 18, 2019 effective date. <u>See</u> <u>Frame v. Marlin Firearms Co.</u>, 514 S.W.2d 728, 730 (Tenn. 1974) ("A new law changing a rule of practice is applicable to all cases than [sic] pending. The instant case obviously has the status of a pending action.").

"Our primary objective when construing statutes is to determine and carry out legislative intent without broadening or restricting statutes beyond their intended scope." <u>State v. Gentry</u>, 538 S.W.3d 413, 420 (Tenn. 2017) (citing <u>State v. Pope</u>, 427 S.W.3d 363, 368 (Tenn. 2013)). When "the statutory language is clear and unambiguous, we apply its plain meaning, understood in its normal and accepted usage." <u>Thurmond v. Mid-Cumberland Infectious Disease Consultants, PLC</u>, 433 S.W.3d 512, 517 (Tenn. 2014) (citing <u>Baker v. State</u>, 417 S.W.3d 428, 433 (Tenn. 2013)).

Applying these guiding principles, we conclude that under the plain language of the amendment, the Circuit Court was not precluded "from exercising domestic relations

---

[6] Because we conclude that this statute controls the disposition of this appeal, we need not address counsel's assertions at oral argument regarding the primacy of a circuit court's subject matter jurisdiction over matters involving modifications of permanent parenting plans incorporated into final divorce decrees.

jurisdiction" pursuant to title 36, "regardless of the nature of the allegations" of Father's petition because no "pleading [had been] filed or relief . . . otherwise sought in a juvenile court invoking its exclusive original jurisdiction." Act of April 18, 2019, 2019 Tenn. Pub. Acts ch. 167. Accordingly, the allegations of Father's petition did not divest the Circuit Court of subject matter jurisdiction. To the contrary, as already noted, circuit and chancery courts possess continuing, exclusive subject matter jurisdiction of divorce decrees. Tenn. Code Ann. § 36-6-101(a)(1) (providing that a final decree of divorce "shall remain within the control of the court and be subject to such changes or modification as the exigencies of the case may require"); id. § 36-6-217 (providing for "exclusive, continuing jurisdiction" over child custody determinations). Father appropriately filed his petition seeking modification of the PPP in the Circuit Court. Mother, therefore, is not entitled to relief from the Circuit Court's July 17, 2017 judgment entering the modified PPP or any of the Circuit Court's other orders adjudicating Father's petition.

## IV. Conclusion

The decision of the Court of Appeals is reversed, and the judgment of the Circuit Court is reinstated. Costs on appeal are taxed to Laura Nicole Lucas for which execution may issue, if necessary.

_____
CORNELIA A. CLARK, JUSTICE