IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 3, 2022 Session

**DEBORAH RUSSELL v. HSBC, INC. ET AL.**

**Appeal from the Chancery Court for Davidson County**
No. 18-0669-II     Anne C. Martin, Chancellor
_____

**No. M2020-01181-COA-R3-CV**
_____

A pro se plaintiff filed a 543-page complaint containing improper allegations and claims. The trial court struck the complaint and ordered the plaintiff to refile. The plaintiff then filed an amended complaint of less than half the length, but containing many of the same deficiencies as the original complaint. The court again struck the offensive portions and ordered the plaintiff to refile. The court also dismissed several of the defendants because the amended complaint failed to state a claim against them for which the court could grant relief. Rather than file a second amended complaint, the plaintiff moved several times to recuse the trial judge. Having failed to file a proper complaint within the time specified, the court dismissed the case. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ARNOLD B. GOLDIN, J., joined.

Deborah C. Russell,[1] Nashville, Tennessee, pro se appellant.

John S. Hicks, Nashville, Tennessee, for the appellees, Baker, Donelson, Bearman, Caldwell & Berkowitz P.C.; Jonathan Cole; Joy Boyd Longnecker; Ben Adams; and Timothy Lupinacci.

Jonathan Cole and Joy Boyd Longnecker, Nashville, Tennessee, for the appellees, HSBC, Inc. and Dana St. Clair-Hougham.

_____

[1] After filing her appeal, an attorney did enter an appearance for Ms. Russell, but the attorney withdrew shortly after filing the lead brief on her behalf. Ms. Russell filed her reply brief, as well as all other filings in this Court, and argued pro se.

# MEMORANDUM OPINION[2]

## I.

This is the third appeal stemming from the refinancing of Deborah Russell's home in 2001. *See Russell v. HSBC Mortgage Servs., Inc.*, No M2015-00197-COA-R3-CV, 2016 WL 1588091 (Tenn. Ct. App. April 15, 2016) [hereinafter "*Russell II*"]; *Russell v. Household Mortgage Servs.*, No. M2008-01703-COA-R3-CV, 2012 WL 2054388 (Tenn. Ct. App. June 7, 2012) [hereinafter "*Russell I*"]. Ms. Russell claims, among other things, that HSBC Mortgage Services, Inc. and its agents intentionally misrepresented facts about the refinancing of her home and then concealed their alleged misconduct. *Russell II*, 2016 WL 1588091, at *1-2.

After years of litigation, Ms. Russell's claims and a counterclaim by HSBC were set for a circuit court trial in 2018. But just weeks before the trial was to begin, Ms. Russell voluntarily dismissed her claims. And HSBC agreed to an indefinite continuance of its counterclaim.

Ms. Russell then filed this action in chancery court. She sued HSBC and its employee, Dana St. Clair-Hougham; the law firm of Baker, Donelson, Bearman, Caldwell & Berkowitz; several Baker Donelson attorneys; and two Baker Donelson executives, Timothy Lupinacci and Ben Adams. Her complaint was 543 pages long and contained 1,582 paragraphs.

The defendants moved to strike the complaint and for an order requiring Ms. Russell to file "a more definite statement in the form of a complaint that fully complie[d] with . . . pleading requirements [of Tennessee Rule of Civil Procedure 8]." *See* TENN. R. CIV. P. 12.05 & 12.06. The trial court granted the defendants' motion.

Ms. Russell's amended complaint was, at 249 pages, less than half as long. But its 871 paragraphs included much of the same content as her first complaint. Along with factual allegations related to the refinancing of Ms. Russell's home, the pleading accused HSBC of "widespread criminal activity" including allegations that the company laundered money for Al Qaeda and drug cartels. It accused Baker Donelson and its attorneys of numerous ethical and criminal violations. And it alleged that the defendants illegally conspired with the trial court judges who presided over the prior litigation.

---

[2] Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case." TENN. CT. APP. R. 10.

HSBC moved to strike the amended complaint. And the remaining defendants moved to dismiss the complaint for failure to state a claim upon which relief could be granted. *See id.* 12.02(6).

In May 2019, the trial court held a hearing on the defendants' motions. It dismissed Mr. Lupinacci and Mr. Adams who were sued only in their capacities as executives of Baker Donelson. The court found that neither owed a duty to Ms. Russell because she was not a client of the firm. And no facts in the amended complaint justified piercing Baker Donelson's corporate veil. For similar reasons, the court found that Ms. Russell could not maintain a legal malpractice claim against Baker Donelson or any of its attorneys.

The court also ruled that it did not have jurisdiction to address any alleged crimes or violations of the Tennessee Rules of Professional Conduct. So it dismissed those claims. And the court dismissed Ms. Russell's remaining tort claims against the Baker Donelson defendants as time-barred by the relevant statutes of limitations. Finally, the court dismissed Ms. St. Clair-Hougham because either the claims against her were time-barred or her actions were as a representative of HSBC. So she could not be held personally liable.

As for HSBC's motion to strike, the court went line by line through Ms. Russell's amended complaint and gave her explicit instructions as to which paragraphs and allegations were improper. The court then ordered Ms. Russell to file a second amended complaint within thirty days.

Rather than file a second amended complaint, Ms. Russell filed a series of motions for recusal of the chancellor. The court denied the motions and extended Ms. Russell's deadline to file her second amended complaint several times. When Ms. Russell failed to file a complaint that complied with the court's order, the court dismissed her remaining claims with prejudice in August 2020.

## II.

Ms. Russell raises two issues on appeal.[3] She argues that the trial court improperly dismissed the Baker Donelson defendants because the claims she alleged were not barred

---

[3] The Baker Donelson defendants argue that Ms. Russell's appeal is untimely. In its May 13, 2019 order dismissing the claims against the Baker Donelson defendants, the trial court certified the dismissals as final under Tennessee Rule of Civil Procedure 54. Ms. Russell did not file her notice of appeal until August 27, 2020. A notice of appeal must be filed with the appellate court clerk within thirty days after entry of the judgment appealed. TENN. R. APP. P. 4(a).

Under Rule 54.02, a trial court may certify an order as final and appealable, "even if parts of the overall litigation remain pending in the trial court," so long as the order to be certified "resolves an entire claim as to all parties or resolves all claims as to a particular party." *Johnson v. Nunis*, 383 S.W.3d 122, 130 (Tenn. Ct. App. 2012). To certify an order under Rule 54.02(1), a trial court must (1) direct the entry

3

by the statutes of limitations.[4]  And she argues that the trial court erred in striking portions of her amended complaint.

## A.

A statute of limitations defense is appropriately addressed in a motion to dismiss under Rule 12.02(6) of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  *Gunter v. Lab. Corp. of Am.*, 121 S.W.3d 636, 638 (Tenn. 2003).  The complaint should not be dismissed unless it appears that the plaintiff can prove no set of facts in support of her claim that would warrant relief.  *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999).  Whether a Rule 12.02(6) motion was properly granted is a question of law, which we review de novo, with no presumption of correctness.  *Id.*

To determine the applicable statute of limitations, first "a court must ascertain the 'gravamen of the complaint.'"  *Benz-Elliott v. Barrett Enters., LP*, 456 S.W.3d 140, 147 (Tenn. 2015) (quoting *Whaley v. Perkins*, 197 S.W.3d 665, 670 (Tenn. 2006)).  The gravamen of the complaint is "the 'substantial point,' the 'real purpose,' or the 'object'" of an action.  *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 457 (Tenn. 2012) (first quoting *Estate of French v. Stratford House*, 333 S.W.3d 546, 557 (Tenn. 2011); then quoting *Bland v. Smith*, 277 S.W.2d 377, 379 (Tenn. 1955); and then quoting *Bodne v. Austin*, 2 S.W.2d 100, 101 (Tenn. 1928)).

Construing Ms. Russell's complaint liberally, we determine that the facts alleged against the Baker Donelson defendants amount to claims of fraud, misrepresentation, and unjust enrichment.[5]  The statute of limitations for such claims is three years.  *See* Tenn. Code Ann. § 28-3-105(1)-(2) (2017); *Individual Healthcare Specialists, Inc. v. BlueCross BlueShield of Tenn., Inc.*, 566 S.W.3d 671, 680 n.6 (Tenn. 2019); *Vance v. Schulder*, 547 S.W.2d 927, 932-33 (Tenn. 1977).  Ms. Russell filed her complaint on June 15, 2018.  But the relevant alleged facts occurred in 2014 or earlier.  So her claims were time barred.  *See* Tenn. Code Ann. § 28-3-105(1)-(2).

---

of judgment and (2) make an express determination that there is no just reason for delay.  TENN. R. CIV. P. 54.02.  Both are "an *absolute* prerequisite to an appeal" under Rule 54.02(1).  *Lokey-Kinser Realty Co. v. Allen Co.*, 655 S.W.2d 162, 163 (Tenn. Ct. App. 1983) (citation omitted).  Here, the trial court did not make an express determination that there was no just reason for delay.  So we conclude that Ms. Russell timely appealed the dismissal of her claims against the Baker Donelson defendants by filing her notice of appeal within thirty days after entry of the judgment dismissing the remainder of her claims.

[4] Ms. Russell does not appeal the dismissal of her claims against Ms. St. Clair-Hougham.

[5] The trial court also concluded that the facts alleged in the complaint amount to claims for slander.  Although we disagree, such claims would also be time barred.  *See* Tenn. Code Ann. § 28-3-103 (2017) ("Actions for slanderous words spoken shall be commenced within six (6) months after the words are uttered.").

4

B.

Although Ms. Russell argues that the trial court erred in striking portions of her amended complaint, she does not challenge the court's dismissal of her remaining claims for failure to follow the court's orders. Because failure to follow the court's orders was an independent basis for dismissing Ms. Russell's remaining claims, we need not reach the issue of whether the court appropriately struck portions of her amended complaint.

"Trial courts possess inherent, common-law authority to control their dockets and the proceedings in their courts." *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000). This authority allows a trial court to dismiss an action if the plaintiff fails "to comply with . . . any order of [the] court." TENN. R. CIV. P. 41.02(1). The court may even do so on its own motion "under certain circumstances and upon adequate grounds therefor." *Harris v. Baptist Mem'l Hosp.*, 574 S.W.2d 730, 731 (Tenn. 1978). In reviewing discretionary decisions, we consider "(1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

We find no abuse of discretion on the part of the trial court. On June 16, 2020, more than one year after it ordered Ms. Russell to file a second amended complaint within thirty days, the trial court entered an order setting a new deadline of July 2, 2020. The order warned that failure to comply with the new deadline would subject Ms. Russell's remaining claims to dismissal. Rather than comply, Ms. Russell filed a motion to alter or amend and a document entitled "Notice of Filing Chancellor Anne C. Martin's Multiple Conflicts of Interest." The court denied the motion and reiterated the deadline for filing the second amended complaint.

On the eve of the deadline, Ms. Russell filed an expedited motion requesting a fifteen-day extension to file her second amended complaint. The trial court granted the request. But the court also warned that no further extension would be granted. Two days before the extended deadline, Ms. Russell filed a 56-page "Motion to Strike/Alter And/Or Amend Order Setting a Deadline For Plaintiff To File Amended Complaint Consistent With This Court's May 21, 2019 Order." The court denied Ms. Russell's motion except that it did extend the deadline for filing to July 27, 2020. The court warned that if a second amended complaint was not filed "by 5:00 p.m. on July 27, 2020, the Court will dismiss this case."

Despite the trial court's warnings, it extended the deadline one last time. When Ms. Russell again failed to comply, the court dismissed her remaining claims.

## III.

Ms. Russell's claims against the Baker Donelson defendants were time barred.  And the trial court did not abuse its discretion in dismissing her remaining claims.  So we affirm.

_s/ W. Neal McBrayer_
W. NEAL MCBRAYER, JUDGE