Ada STIDHAM, Lonna Cooper, P.C.
Cooper, et al., Plaintiffs-Appellees,

v.

FICKLE HEIRS, et al.,
Defendants-Appellants.

Supreme Court of Tennessee,
at Knoxville.

Dec. 13, 1982.

Frank L. Slaughter, Don W. Cooper, Bristol, for defendants-appellants.

William T. Gamble, Frank A. Johnstone, Kingsport, for plaintiffs-appellees.

## OPINION

DROWOTA, Justice.

At the time this case was tried, T.C.A. § 27–305 was the applicable statute dealing

with interlocutory orders and the entry of final judgment when multiple claims and parties are involved. The primary issue on appeal is whether a decree was final or interlocutory. The Plaintiffs contend the decree in question was final and not subject to revision. The Defendants contend the decree was interlocutory, and thus could be revised. The trial court held that the decree was not a final decree and was therefore subject to reconsideration. The Court of Appeals reversed and held that the decree was final and that the trial court erred in revising its decree.

On March 27, 1974, T.C.A. § 27–305, which had dealt with discretionary appeals before final disposition in equity cases, was amended in its entirety. The amended statute allows interlocutory appeals in law and equity cases under certain circumstances. The third paragraph of the amended statute sets out the procedure for certifying an interlocutory appeal to an appellate court, and the fourth paragraph sets out the procedure for entry of a final judgment where multiple claims or parties are involved.[1] The third and fourth paragraphs read as follows:

When the chancellor or circuit judge, whether at law or in equity, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves (1) the distinct potential for irreparable harm to one of the parties, or (2) a controlling question of law as to which there is substantial ground for difference of opinion, and such chancellor or circuit judge is of the opinion that an immediate appeal from such order may materially advance the ultimate termination of the litigation, he shall so certify in writing and allow an appeal to be pursued.

When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the chancellor or circuit judge, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

■ The language of the fourth paragraph requires as an absolute prerequisite to an appeal the certification by the trial judge, first that the court has directed "the entry of a final judgment as to one or more but fewer than all of the claims or parties," and, second, make "an express determination that there is no just reason for delay." T.C.A. § 27–305; *Loyd v. State Farm Mutual Automobile Ins. Co.*, 521 S.W.2d 556, 558 (Tenn.1975); *Frame v. Marlin Firearms Co., Inc.*, 514 S.W.2d 728, 729–30 (Tenn. 1974). Such certification by the trial court creates a final judgment appealable as of right under Rule 3, TRAP. In the absence of such direction and determination by the trial judge, the order is interlocutory and he can revise the judgment at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all parties. *Waddell v. Davis*, 571 S.W.2d 844, 846 (Tenn.App.1978).

■ Where the judgment as to one or more but fewer than all the parties is not

1. The fourth paragraph of T.C.A. § 27–305 contains language almost identical to Rule 54(b) of the Federal Rules of Civil Procedure. When the Tennessee Rules of Civil Procedure became effective January 1, 1971, Rule 54.02 was reserved, thus Tennessee had no rule at that time similar to Rule 54(b) of the Federal Rules. On July 1, 1979, Rule 54.02 was added to the TRCP, which Rule is identical to T.C.A. § 27–305 (later T.C.A. § 27-3–105(b)). In 1981, T.C.A. § 27-3–105 was repealed. However, TRCP 54.02 is identical to paragraph 4 of the repealed statute and is cited in Rule 3(a), Tennessee Rules of Appellate Procedure.

rendered final under the fourth paragraph, the appeal may be pursued under the third paragraph.[2] Such appeal is, however, discretionary with the appellate courts.

Prior to March 27, 1974, in a law case one had no right to an interlocutory appeal. Therefore, an interlocutory decree in a law case which settled a principle, or adjudged a right, or determined an issue, was treated as final and not subject to reconsideration after the expiration of thirty days. *Robinson v. L-Cart, Inc.,* 54 Tenn. App. 298, 390 S.W.2d 689, 691–692 (1964). However, with the amendment of T.C.A. § 27–305 (and the later additions of TRCP 54.02 and TRAP 3), *Robinson v. L-Cart, Inc.,* is now necessarily subject to modification. Under the statutory and procedural rules discussed above, if the trial court in *Robinson* settled a principle, or adjudged a right or determined an issue and yet failed to direct entry of a final judgment and determine that there is no reason for delay, then such adjudication or determination by the trial court would be subject to reconsideration and revision.

We must first determine the applicability of T.C.A. § 27–305, and, if applicable, was it complied with in this case. A discussion of the facts and the procedural history will help in resolving these issues.

## THE FACTS

Ellen Fickle owned approximately 128.5 acres of land in Sullivan County. She died testate in 1950, devising a life estate to her daughter Fanny Fickle, and the remainder in fee to her seven other children, one of whom was Hasque Fickle. Hasque Fickle's undivided one-seventh interest is the subject of the present controversy. In 1956, Hasque Fickle encumbered his one-seventh interest with a deed of trust to Hal Massengill, trustee. This encumberance secured a one-year note payable to Samuel Cartwright in the amount of $579.04. Hasque Fickle died intestate in 1960, and shortly thereafter, his wife died leaving nine children, one of whom is the Defendant, James N. Fickle.

Appellee, P.C. Cooper, one of the six plaintiffs in this cause, became involved with the property in question in the following manner. Cartwright, the holder of Hasque Fickle's note, died in 1960. The trustee holding the deed of trust securing the note was also the attorney for the Cartwright estate. In December, 1960, Cartwright's executors assigned the note to P.C. Cooper. In 1964, P.C. Cooper requested the trustee on the deed of trust to foreclose on the property. On January 2, 1965, the trustee conducted a foreclosure sale. Hasque Fickle's nine children were all minors at that time. At the auction, there were two bidders, and the one-seventh interest was sold to P.C. Cooper for $2,050.00. The purchase price was not paid to the trustee nor was a deed delivered to P.C. Cooper at that time.

Fanny Fickle, the life tenant, died in March 1974. In August, 1974, approximately nine years and eight months after the sale, P.C. Cooper paid the purchase price plus interest to Massengill and received a deed to the one-seventh interest. The nine children had attained majority by this time and they each received checks for approximately $177.00.

## PROCEDURAL HISTORY

In 1977, this litigation began when P.C. Cooper and five others filed a bill for partition or for sale of the lands of Ellen Fickle, deceased. The complaint requested that a special master be appointed to determine the value of the property, the names of all owners of the property, the amount owned by each, and whether the land was susceptible to partition. Included as defendants were all of the children and heirs at law of Hasque Fickle. In answering the complaint, James N. Fickle, son of Hasque Fickle, expressly contested the validity of the trustee's deed through which P.C. Cooper contends he obtained his one-seventh interest. The answer asserted that the 1956

---

**2.** T.C.A. § 27–305 was subsequently repealed and the third paragraph dealing with interlocutory appeals has been replaced by Rules 9 and 10, TRAP.

deed of trust to Massengill and the 1965 trustee's deed to Cooper should be declared null and void, but Fickle did not explain the grounds for this assertion in his answer.

An order of reference was entered appointing a special master. The special master made seven reports. These acknowledge that Fickle contested the one-seventh interest claimed by Cooper. The reports traced the chain of title and state that P.C. Cooper purchased the one-seventh interest at foreclosure. Unfortunately, the reports did not clearly indicate on their face whether the special master intended by the reports to be resolving the disagreement between P.C. Cooper and James N. Fickle as to the one-seventh interest at issue. The last of the reports states: "It appears that the total fractional interests heretofore reported are correct." No exceptions were filed within ten days after each report was filed, as required by TRCP 53.04(2). By order dated October 24, 1977, the trial court adopted the master's report with the following language: "Satisfied that the facts are as set out in said report, the respective rights and interests of the parties are adjudged and settled accordingly, the share of each party being as reported by the special master." The order directed that the land be sold and that the clerk subsequently report to the court, "until which time all further questions are reserved, especially questions relative to the disposition of the proceeds of the sale and all fees and costs." The meaning of this October 24 order is at issue.

On December 3, 1977, the property was sold for division for $405,000.00. On December 5, 1977, James N. Fickle filed a motion asserting that the 1965 foreclosure was void and that any proceeds of the sale for division claimed by Cooper should go to Hasque Fickle's heirs. On December 16, 1977, P.C. Cooper filed an answer to the motion denying the allegations and contending that title to the various shares was set forth in the master's report and approved by the court.

On April 23, 1979, a hearing was held on the issues raised by the answer and motion of James N. Fickle. At the hearing, P.C. Cooper argued that the 1977 master's reports and court's order resolved conclusively that he owned the one-seventh undivided interest. James N. Fickle argued that the October 24 order did not pass on the dispute between himself and P.C. Cooper, pointing to the order's express reservation quoted above reserving further questions, especially questions concerning disposition of the proceeds of the sale. In May, 1979, the court entered an order to distribute the sale proceeds except: "the interest devised to Hasque Fickle by the will of Ellen Fickle is subject to dispute and said share shall be retained in the registry of this court pending further order." The one-seventh share is in the amount of $52,405.50.

On November 6, 1979, the trial court ruled that the question of distribution of proceeds had been reserved, that the special master's report only pertained to ownership as gleaned from "the various deeds of record upon their face," and that the special master had not entertained testimony such as that presented to the judge in court concerning the foreclosure sale. Addressing the merits, the court ruled that the purchaser at an auction for foreclosure must tender the purchase price within a "reasonable time." Since the value of the property in 1965 differed greatly from that in 1974, the court said that the passage of nine years could easily affect the rights of other bidders and of the mortgagor and was not a reasonable time. The trial court held that the earlier 1965 foreclosure sale of one-seventh undivided interest to P.C. Cooper had been invalid, and that, therefore, the purchaser at foreclosure had no right to any proceeds from the 1977 partition sale. A judgment was entered directing that the proceeds of the sale be paid to the nine children of Hasque Fickle. P.C. Cooper appealed, insisting this was error.

The Court of Appeals pretermitted the substantive issues concerning the validity of P.C. Cooper's title and his right to share in the proceeds of the partition sale. The Court found as controlling what it described as the threshold question, "whether or not

the trial court could set aside a deed after an interlocutory decree had become final." Relying upon *Robinson v. L-Cart, Inc., supra,* the Court of Appeals held that the October 24, 1977, interlocutory decree had become final and was not subject to revision. The Defendants filed a Rule 11 application challenging this holding and we granted them permission to appeal.

## OUR CONCLUSIONS

A final judgment or decree is one which adjudicates all the claims and rights and liabilities of the parties and cannot be revised after the expiration of 30 days. An interlocutory decree which adjudicates one or more but fewer than all of the claims or parties, can be revised at any time before entry of final judgment. As pointed out earlier, the 1974 amendments to T.C.A. § 27–305 have necessarily limited the application and continuing viability of *Robinson v. L-Cart, Inc., supra.* Under T.C.A. § 27–305, in order for an interlocutory decree to become final, and not subject to revision, the trial judge must (1) direct entry of a final judgment and (2) determine that there is no just reason for delay. In this case, the trial judge made no such direction or determination and the order of October 24 was subject to revision, unless it can be said that the October decree was in fact a final decree.

Cooper argues that the October 24 decree adjudicated all the claims and rights of the parties and thus it could not be later revised. Cooper argues that the title to the various shares of the estate were set forth in the report of the special master. He contends that the only question reserved was computation of the value of the various shares. We agree that the order of October 24 is certainly open to this interpretation.

Fickle argues that the October 24 decree did not adjudicate all the claims and was, therefore, not a final decree. Fickle asserts that judgments are to be construed like other written instruments, and the determinative factor is the intention of the court as gathered from all parts of the judgment. *Blue Cross-Blue Shield of Tennessee v. Ed-*

*dins,* 516 S.W.2d 76 (Tenn.1974); *Branch v. Branch,* 35 Tenn.App. 552, 249 S.W.2d 581 (1952).

Since it was the trial judge who appointed the special master and entered the October 24 order, he is in the best position to interpret his own order, as to whether or not it adjudicated all the claims. His interpretation as found in the transcript of the April 23, 1979, hearing and in his memorandum opinion dated October 8, 1979, is as follows:

The last paragraph of that Order specifically reserves any question relating to the disposition of the proceeds and I would have to construe that to be any question that was raised in the answer . . . I think all these orders reserved any legal question regarding the validity of the foreclosure sale in question until the proceeds got into court and until we were approaching the distribution of the funds.

(Excerpts from April 23, 1979, hearing.)

The complaint was filed on June 17, 1977; and answer was filed by James Nall Fickle on July 27, 1977, wherein he questioned the validity of the trustee's deed; . . .

Mr. Cooper contends that there is no issue before the Court for a decision because the report of the special master reported that he was the owner of a one-seventh undivided interest in the property and that since there were no exceptions to the special master's report and due to the fact that it was confirmed without objections being filed thereto, that the matter has been previously passed upon by the Court and is not open now for consideration.

The Court is unable to agree with this conclusion. While the order of reference did authorize the special master to take proof and determine the respective interest of the parties, etc., it was entered after James Naff Fickle had filed an answer questioning the validity of the sale and all of the orders previously signed and entered by the Court specifically reserved for determination the manner in which all of the proceeds would be

distributed. It further appears from an examination of all of the thorough reports by the special master that he did not take and receive evidence of the nature that was presented to the Court during the hearing in April but reported only that Mr. Cooper appeared to have an interest in the property based upon the various deeds of record upon their face. (Excerpts from the court's Memorandum opinion dated October 8, 1979).

The trial judge goes on to note in the above opinion and subsequent order the reservation of "all further questions." This interpretation has a factual basis in that the special master's first report stated under the heading, "History of Title" that "Reference are to the Chain of Title, as shown on the Index, as disclosed by the Complaint and an examination of the records, and the Survey . . ." Also, the first and second reports expressly resolve this conflict, it may well have been the understanding at the time that the special master would only report as to record title and that the court would resolve other issues later.

Since the trial court obviously intended to reserve the issue of the P.C. Cooper/James N. Fickle dispute, then it was not necessary for James N. Fickle to enter objections to the special master's reports or to the court order adopting them.

We concur in the trial court's conclusion that the October 24 order was not a final order and was therefore subject to revision. The provisions of T.C.A. § 27–305 (paragraph 4) did apply and, the order was thus subject to revision at any time before the entry adjudicating all the claims and the rights and liabilities of all the parties.

The judgment of the Court of Appeals is reversed and this cause is remanded to that Court for determination of the pretermitted issues. The costs of this appeal are taxed to Appellee, P.C. Cooper.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.