IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 5, 2005 Session

**TRAMMELL CEMETERY TRUST, BY AND THROUGH ITS DULY
APPOINTED TRUSTEES, RALPH S. DAVIS, HERMAN TRAMMELL, and
WENDELL TRAMMELL, v. RONNIE YANCEY and wife, RITA YANCEY,
and JOE TRAMMELL, JR., and wife, LINDA TRAMMELL, ET AL.**

**Direct Appeal from the Chancery Court for Scott County**
No. 8137      **Hon. Conrad Troutman, Jr., Circuit Judge, Sitting by Interchange for
Chancellor Billy Joe White.**

———————————

**No. E2004-01732-COA-R3-CV  - FILED JULY 28, 2005**

———————————

In this action, the Trial Court granted appellees summary judgment which adjudicated fewer than
all of the claims or rights and liability of all of the parties.  We dismiss the appeal from that
Judgment and remand with instructions.

**Tenn. R. App. P.3 Appeal as of Right; Appeal dismissed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO,
JR., J., and SHARON G. LEE, J., joined.

Timothy P. Webb, Jacksboro, Tennessee, for appellant, Trammell Cemetery Trust.

Charles B. Sexton, Oneida, Tennessee, for appellees.

**OPINION**

        This is a boundary line dispute involving a family cemetery property, and the
Trammell Cemetery Trust has appealed from a summary judgment in favor of the Yanceys and
Trammells.

        The petitioners filed a complaint for declaratory judgment on April 16, 1998, seeking
determination of the ownership of the property and establishing the boundary lines.  The petition

alleged that the respondents Trammell constructed a road across a portion of the petitioner's property, and that the respondents Yancey are wrongfully encroaching upon the northern boundary of petitioner's property. It was charged that through its predecessors-in-interest that the petitioner was the rightful owner of these areas by virtue of adverse possession by color of title, and that the acts of the respondents constitute trespass and a cloud on the title. The petition sought rent for the wrongful use of the property; an injunction requiring the Trammells to remove the road and restore the land to its original condition; and declare the rights of the respective parties to the lands subject to the action, and further sought attorney fees and costs.

Respondents filed answers denying the material allegations of the petition and counter-claimed, asserting their claim to the disputed areas. Their claim alleged that the petitioners are encroaching upon the Trammells' and Yanceys' property, and this was known to petitioners.

Lydia Davis Trammell, the surviving predecessor-in-interest to the respondents' property, filed a "third party intervening cross-petition for declaratory judgment" that in essence charges that there are many known heirs of D.C. Trammell still living in Scott County, and that Roscoe Davis purported to convey property in fee which he did not own to the Trammell Cemetery Trust in an attempt to take control of the cemetery. The intervening petitioner "joins with all parties in asking that this Court adjudicate all rights of the parties." Also, in the Amended Complaint which was filed on March 15, 2001, First Trust and Savings Bank, mortgagee of the property was joined and appeared and answered on November 20, 2001. No further mention is made of this party in the record before us.

Respondents filed a motion for summary judgment on July 13, 2001, asserting that they are entitled to a judgment because the land in question has been dedicated, maintained and always recognized as a private family cemetery since 1903; that Louisa Trammell Davis had only 1/14th undivided interest which she conveyed to Roscoe Davis and wife; and that petitioner did not acquire full title to the subject property from Roscoe Davis and did not hold adversely to the respondents.

Petitioner's response to the motion essentially agreed with respondents' statement of facts, but disputed the motion's legal conclusions. However, the response noted that petitioner had requested resolution of the boundary line dispute, for which the issue of the exact nature and proportion of the parties' ownership interests was not necessary to determine.

At that juncture, the parties advised the Court that they had reached an agreement and resolved their differences, but then they could not agree on an Agreed Order, and each party submitted a proposed "Agreed Order" to the Trial Court. Petitioner filed objections to the entry of the order prepared by respondents, and subsequently, the Trial Court signed the proposed Agreed Order submitted by respondents. The Order is neither signed by the petitioner's counsel, nor bears indicia of service upon him as required by Tenn. R. Civ. P. 58. Petitioners' counsel moved for relief from the judgment under Tenn. R. Civ. P. 60, and to set aside the Order and for a new trial pursuant to Tenn. R. Civ. 59. The record does not reflect disposition of the petitioner's request for relief

under Rules 59 and Rule 60. The Agreed Order entered by the Court recites: "[U]pon the announcement in open court that the parties had resolved the issues existing between them, and it is accordingly Ordered, Adjudged and Decreed by the Court as follows:". The Order concludes: "It is further Ordered, Adjudged and Decreed by the Court that one-half of the cost shall be taxed to the petitioners and one-half to the respondents, Joe Trammell, Jr., and wife, Linda Trammell, for which execution may issue if necessary." Remarkably, on November 13, 2003, the Trial Judge entered an order styled "Final Decree". This order *inter alia* recites that "the motion of a summary judgment was well taken", and concludes that "petitioner's cause of action be and the same is hereby dismissed with all costs taxed to the petitioners for which execution may issue if necessary."

Petitioner then filed an "Objection to Order" stating that the Court's ruling "did not comport with the matter as filed" because "the petition as filed requested the delineation of the boundary of the Cemetery,. . ." This objection was overruled without explanation.[1]

The issue of the finality of the judgment has been raised on appeal.

A final judgment is one that resolves all the claims between all the parties. *Aetna Casualty & Sur. Co. v. Miller*, 491 S.W.2d 85, 86 (Tenn.1973).

> Rule 54.02 requires as an absolute prerequisite to an appeal the certification by the trial judge, first, that the court has directed the entry of a final judgment as to one or more but fewer than all of the claims, and, second, make an express determination that there is no just reason for delay. Such certification by the trial judge creates a final judgment appealable as of right under Rule 3 T.R.A.P. In the absence of such direction and determination by the trial judge, the order is interlocutory and can be revised at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all parties. *Stidham v. Fickle* Heirs, 643 S.W.2d 324, 325 (Tenn.1982).

*Fox v. Fox,* 657 S.W.2d 747, 749 (Tenn. 1983).

In this case, the Trial Court granted a summary judgment which purported to resolve all issues, but in fact left many issues unresolved. The lack of a final judgment disposing of all claims, or a Rule 54 certification that the interlocutory orders were final and there was no just reason for delay, render this Court unable to resolve any of the issues related to this chaotic record. Accordingly, we dismiss this appeal and remand, with directions to the Trial Court to reinstate this case on its docket and resolve all issues that are raised in the pleadings.

The cost of this appeal in our discretion is assessed to Ronnie Yancey and wife, Rita

---

[1]No disposition appears in the record with respect to the two "cross-petitions", intervening petition, nor the amended complaint. The Final Decree only adjudicated the dismissal of the petitioner's cause of action.

Yancey, and Joe Trammell Jr., and wife, Linda Trammell.

_____
HERSCHEL PICKENS FRANKS, P.J.