# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### January 25, 2011 Session

## RENASANT BANK, a Mississippi Charter Bank Doing Business in Tennessee v. WILLIAM R. HYNEMAN, ET AL.,

Direct Appeal from the Circuit Court for Shelby County
No. CT-003753-08      D.J. Alissandratos, Judge by Designation

No. W2010-01387-COA-R3-CV - Filed March 7, 2011

This is a breach of contract case. The trial court found two defendants liable for breaches of continuing guaranty agreements related to a construction loan and awarded judgment for the plaintiff. The trial court, however, did not adjudicate a pending cross-complaint. Although the court attempted to certify the judgment as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, the court's order did not make the express findings essential to certification. Because the trial court did not properly certify the judgment as final, we do not have jurisdiction to consider the issues raised before us. We dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Allan J. Wade and Brandy S. Parrish, Memphis, Tennessee, for the appellant, William R. Hyneman.

Stephen W. Vescovo and Jonathan Louis May, Memphis, Tennessee, for the appellee, Renasant Bank.

# MEMORANDUM OPINION[1]

This appeal concerns the enforceability of a guaranty agreement. The plaintiff/appellee, Renasant Bank ("Renasant"), made a commercial loan to H.B.O. Holdings, LLC ("HBO") in October 2006. The loan agreement provided HBO a $6.7 million revolving line of credit and a $250,000 provisional letter of credit to use in the development of property in Fayette County, Tennessee. The defendants in this lawsuit, William R. Hyneman ("Hyneman") and Michael Bourne ("Bourne"), each signed a continuing guaranty agreement ("2006 Guaranty") in connection with the HBO loan. The 2006 Guaranty made the guarantor liable for $3.475 million, one-half of the total debt, in the event of HBO's default.[2] In 2007, Hyneman and Bourne each signed a revised guaranty agreement ("2007 Guaranty") making the individual guarantors liable for $4.02 million.

Renasant filed this action against Hyneman and Bourne alleging breaches of their separate 2007 Guaranty Agreements. Renasant alleged the defendants' obligations matured as a result of the default by HBO on the construction loan, but the defendants had refused to honor their individual continuing guaranty agreements. Renasant requested damages against each defendant in the amount of $4.02 million plus interest, expenses, attorney's fees, and costs. Hyneman filed an answer alleging in part that Renasant fraudulently induced him to enter into the 2007 Guaranty and that the 2007 Guaranty was unenforceable due to a lack of consideration. Hyneman also filed a cross-complaint alleging in part that Bourne and HBO collectively received loan advances in excess of $2,000,000 which were not used for the benefit of HBO and that Renasant's losses were attributable in whole or in part to Bourne.

On March 9, 2010, the court entered a judgment for Renasant against both defendants in the total amount of $4.31 million, limiting each defendant's individual liability to $4.02 million. The court's order nonetheless did not expressly resolve the issue of attorney's fees, which it had reserved at the conclusion of trial for further consideration. Hyneman thereafter moved to alter or amend the judgment, arguing the March 9 order was not an appealable final

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]Hyneman suggests the 2006 Guaranty did not bind him individually as the guarantor because he executed the agreement as follows: "Guarantor: H.B.O. Holdings LLC By: William R. Hyneman."

judgment because it did not adjudicate the issue of attorney's fees. In its response, Renasant argued the order was final because the plaintiff had previously waived the issue of attorney's fees. On April 23, 2010, the Court entered an amended order stating Renasant waived its request for attorney's fees prior to the entry of the March 9 order and communicated waiver of this issue to Hyneman's counsel in writing on March 5, 2010. The amended order further stated it was a "final order for purposes of appeal pursuant to Rule 54.01 of the Tennessee Rules of Civil Procedure."[3] Hyneman appealed.

Hyneman presents two issues for our review concerning the enforceability of the 2007 Guaranty. The dispositive issue, however, concerns this Court's jurisdiction to consider the issues presented. "Subject matter jurisdiction concerns the authority of a particular court to hear a particular controversy." *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996) (citing *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994)). The question of subject matter jurisdiction is one that appellate courts must consider even if the parties do not raise the issue. Tenn. R. App. P. 13(b); *Osborn v. Marr*, 127 S.W.3d 737, 740 (Tenn. 2004). "[P]arties cannot confer subject matter jurisdiction on a trial or an appellate court by appearance, plea, consent, silence, or waiver." *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999) (citing *Caton v. Pic-Walsh Freight Co.*, 364 S.W.2d 931, 933 (Tenn. 1963); *Brown v. Brown*, 281 S.W.2d 492, 501 (Tenn. 1955)).

This Court's subject matter jurisdiction is limited to final judgments except where otherwise provided by procedural rule or statute. *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (citing *Aetna Cas. & Sur. Co. v. Miller*, 491 S.W.2d 85, 86 (Tenn. 1973)). An order adjudicating fewer than all the claims, rights, and liabilities of fewer than all the parties is not a final judgment that is appealable as of right. *See* Tenn. R. App. P. 3(a). Rule 3(a) of the Tennessee Rules of Appellate Procedure nevertheless permits parties to appeal an order that does not adjudicate all of the claims, rights, and liabilities of all parties if the trial court certifies its judgment as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Rule 54.02 provides:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and

---

[3]The trial court's order is susceptible to two interpretations. The first interpretation is that the order merely articulated the trial court's belief that it was a judgment from which an appeal lies as defined in Rule 54.01. The second interpretation is that the court intended to certify the judgment as final pursuant to Rule 54.02. We presume for the purposes of this appeal the trial court intended the latter.

upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Tenn. R. Civ. P. 54.02.

It is an "absolute prerequisite" to certification under Rule 54.02 that the trial court direct the entry of a final judgment as to one or more but fewer than all of the claims or parties and make an express determination that there is no just reason for delay. *Fox v. Fox*, 657 S.W.2d 747, 749 (Tenn. 1983). Only a proper Rule 54.02 certification creates a judgment that is appealable as of right. *Id.* "In the absence of such direction and determination by the trial judge, the order is interlocutory and can be revised at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all parties." *Id.* (citing *Stidham v. Fickle Heirs*, 643 S.W.2d 324, 325 (Tenn. 1982)). An interlocutory order that does not contain a proper Rule 54.02 certification is not subject to an appeal as of right. *Fagg v. Hutch Mfg. Co.*, 755 S.W.2d 446, 447 (Tenn. 1988) (citation omitted).

This Court discovered upon review of the record that the April 23 amended order was not a Rule 3(a) final judgment because it did not adjudicate Hyneman's cross-complaint.[4] It further appeared to this Court that the trial court did not properly certify the April 23 amended order as a Rule 54.02 final judgment because it did not contain the requisite express findings. We accordingly ordered Hyneman to show cause why his appeal should not be dismissed. Hyneman conceded in his response that the April 23 amended order did not contain the findings required by Rule 54.02 and deferred to this Court's judgment on the issue of appealability. We conclude the April 23 amended order does not contain the requisite express findings and, thus, is not an appealable judgment. We accordingly dismiss this appeal.

---

[4]We note Hyneman also filed a "Motion to Amend and Supplement Answer and to File Third Party Complaint." The record is silent on whether the trial court granted or denied this motion.

## Conclusion

For the foregoing reasons, we dismiss this appeal for lack of an appealable judgment. Costs of this appeal are assessed to the appellant, William R. Hyneman, and his surety for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE