IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 18, 2013 Session


**TAMARA J. HARNESS v. GERALD SCOTT HARNESS**


**Appeal from the Chancery Court for Hamblen County**
**No. 2007-463      Thomas R. Frierson, II, Chancellor**

**No. E2012-02469-COA-R3-CV - Filed November 21, 2013**


This appeal arises from a dispute over the finality of a judgment and notice in a child support matter.  Tamara J. Harness ("Plaintiff") and Gerald Scott Harness ("Defendant") have a history of litigation related to their divorce.  On November 18, 2009, Defendant simultaneously filed separate petitions to modify his spousal support and child support obligations. The Chancery Court for Hamblen County ("the Trial Court") confirmed the findings and recommendations of the magistrate with respect to child support on April 29, 2011[1].  After a hearing, the Trial Court set aside its April 29, 2011 modification of Defendant's child support.  Defendant appeals, arguing, among other things, that the Trial Court erred in addressing for a second time his petition to modify child support when that issue allegedly had been resolved by the magistrate's findings and recommendations as confirmed by the Trial Court.  We hold, *inter alia*, that the Trial Court's order of confirmation was interlocutory rather than final, and that the Trial Court did not err in revisiting the child support issue.  We affirm the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Case Remanded**


D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and JOHN W. MCCLARTY, J., joined.

---

[1] On December 13, 2011, Plaintiff filed a motion to set aside the Trial Court's January 20, 2010 order regarding child support.  At the December 15, 2011 hearing in this case, Plaintiff orally moved to amend her motion to include a motion to set aside the April 29, 2011 order of confirmation whereby the Trial Court confirmed the findings and recommendations of the child support magistrate.  This oral motion was granted. The Trial Court ultimately declined to set aside the January 20, 2010 order, and that order is not the subject of this appeal.  Rather, we address the April 29, 2011 order of confirmation, which was set aside by the Trial Court and is at the center of the parties' arguments on appeal.

David S. Byrd, Morristown, Tennessee, for the appellant, Gerald Scott Harness.

J. Eric Harrison, Morristown, Tennessee, for the appellee, Tamara Harness.

## OPINION

### Background

Defendant correctly notes that the parties on appeal have a history of litigation arising out of their divorce. In November 2009, Defendant simultaneously filed two motions/petitions. One was to modify his child support obligation and the other was to modify his spousal support obligation. In each petition, Defendant argued that a modification was appropriate because his income had decreased. In April 2011, the child support matter was heard by the child support magistrate. The child support magistrate entered findings and recommendations, which included: 1) Defendant's income was $5,000 per month; 2) a significant variance existed and Defendant's child support was set to $1,049 per month retroactive to November 2009; and, 3) Defendant had arrears of $12,250 and he was held in contempt, to be jailed until he paid $10,000 towards the arrearage. The findings contained the following language: "Balances of child support and spousal support shall be updated after hearing on modification of spousal support." With neither party appealing, the Trial Court confirmed the magistrate's findings and recommendations.

In December 2011, Plaintiff filed a motion to set aside the child support order of January 2010. Plaintiff argued that Defendant's bank records demonstrated that he had a greater income than he represented at a July 2009 hearing. Before a hearing on the merits of Defendant's petition to modify spousal support, Plaintiff orally moved to amend her motion to include a motion to set aside the Trial Court's April 29, 2011 order confirming the magistrate's findings and recommendations. Plaintiff's oral motion was granted.

The record contains a Statement of Evidence summarizing the testimony of the December 2011 hearing. In relevant part, Defendant testified that his annual income had decreased to $60,000. Defendant testified that his credit was "shot" and that he was in debt. Defendant emphasized that he was being honest about his finances. Defendant stated that he once earned $9,000 per month but, as of the hearing, earned $5,000 per month. Defendant also testified concerning certain financial practices of his. Defendant acknowledged that, while it is not sound practice to pay personal expenses out of a business account, he did not hide money. Regarding a trip to Europe that Defendant took with his wife, Defendant stated that he used frequent flyer miles and that out-of-pocket costs were very little.

-2-

The Trial Court entered its final judgment in March 2012, incorporating its January 2012 memorandum opinion. The Trial Court held, *inter alia*: 1) Plaintiff's motion to set aside the January 2010 order was denied; 2) Defendant's income was established at $9,900 per month, and, pursuant to Tenn. R. Civ. P. 60, the earlier order confirming the magistrate's findings and recommendations was set aside; 3) Defendant was entitled to a reduction in alimony; and, 4) Defendant was in contempt.

Defendant filed a motion to alter or amend. In October 2012, the Trial Court entered its order denying Defendant's motion to alter or amend. In its memorandum opinion incorporated into its order, the Trial Court reasoned that its order of confirmation of April 2011 actually was interlocutory in nature as there were outstanding matters left to address. As such, the order was subject to revision. Alternatively, the Trial Court reasoned that if one were to conclude that the order of confirmation was in fact final, relief was warranted under Rule 60. As found and held by the Trial Court:

> During the trial on the merits conducted December 15, 2011, documentary evidence introduced supported a finding that Mr. Harness had access to several business and personal accounts through which significant deposits were made. Mr. Harness' testimony that his monthly income had decreased from $9,000.00 in 2009 to $5,000.00 in 2011 was not corroborated by documentary evidence.

> With reference to the Order of Confirmation entered April 29, 2011, this Court concludes that Ms. Brown proved by clear and convincing evidence the existence of Mr. Harness' financial transactions which resulted in keeping Ms. Brown and the Court "in ignorance of the real facts touching the matters in litigation, whereby a wrong conclusion was reached and a positive wrong done" to Ms. Brown's rights, Duncan, *supra*. Accordingly, the Court concludes that to the extent that the Order of Confirmation is found to be a Final Judgment, post judgment relief was warranted pursuant to T.R.C.P. 60.

Defendant filed a timely appeal to this Court.

**Discussion**

Though not stated exactly as such, Defendant raises three issues on appeal: 1) whether the Trial Court erred in addressing Defendant's petition to modify child support obligation despite the allegedly final order confirming the magistrate's findings and recommendations; 2) whether the Trial Court erred in setting aside its previous order

confirming the magistrate's findings; and, 3) whether the Trial Court erred in declining to find Defendant's income to be $5,000 per month.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001). We review a trial court's denial of a motion to alter or amend for abuse of discretion. *Chambliss v. Stohler*, 124 S.W.3d 116, 120 (Tenn. Ct. App. 2003). Our Supreme Court has discussed the abuse of discretion standard:

> Abuse of discretion is found " 'only when the trial court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that causes an injustice to the complaining party.' " *State v. Jordan*, 325 S.W.3d 1, 39 (Tenn. 2010) (quoting *State v. Banks*, 271 S.W.3d 90, 116 (Tenn. 2008)). The abuse of discretion standard does not permit an appellate court to merely substitute its judgment for that of the trial court. See *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001); *Henry*, 104 S.W.3d at 479. Instead, "[u]nder the abuse of discretion standard, a trial court's ruling 'will be upheld so long as reasonable minds can disagree as to [the] propriety of the decision made.' " *Eldridge*, 42 S.W.3d at 85 (quoting *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000)).

*Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012).

We first address whether the Trial Court erred in addressing Defendant's petition to modify child support obligation despite the allegedly final order confirming the magistrate's findings and recommendations. The crux of Defendant's argument is that the Trial Court's April 29, 2011 order was final and that he lacked notice that the Trial Court was going to make a new determination regarding his child support obligation at the hearing on the remaining matters between the parties. According to Defendant, he should have been able to rely on the previous determination of child support and not have the issue unexpectedly reopened. The Trial Court ultimately concluded that its order confirming the magistrate's findings was interlocutory, not final, and thus subject to revision.

To resolve this issue, we must look to the applicable rules and law governing final judgments. Rule 54.02 of the Tennessee Rules of Civil Procedure provides as follows:

When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Our Supreme Court has held that while Rule 54.02 allows a trial court to make a judgment appealable as of right under Rule 3 of the Tennessee Rules of Appellate Procedure, Rule 54.02 "requires as an absolute prerequisite to an appeal . . . ." a trial court to 1) certify that a final judgment is entered as to one or more but fewer than all of the claims contained in the lawsuit, and 2) expressly determine that "there is no just reason for delay." *Fox v. Fox*, 657 S.W.2d 747, 749 (Tenn. 1983). Without this finding by the trial court, the order is merely interlocutory and subject to revision by the trial court at any time before all of the claims are adjudicated. *Id*. (citing *Stidham v. Fickle Heirs*, 643 S.W.2d 324, 325 (Tenn. 1982)). A final order is one that "fully and completely defines the parties' rights with regard to the issue, leaving nothing else for the trial court to do." *Hoalcraft v. Smithson*, 19 S.W.3d 822, 827 (Tenn. Ct. App. 1999) (citations omitted).

Our Supreme Court has discussed Rule 54 as follows:

Pursuant to Tennessee Rule of Civil Procedure 54, "any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties." Tenn. R. Civ. P. 54.02; *see also* Tenn. R. App. P. 3(a) ("[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties."). Thus, motions seeking relief from a trial court's decision adjudicating fewer than all the claims, rights, and liabilities of all the parties, should be filed pursuant to Rule 54.02.

-5-

*Discover Bank*, 363 S.W.3d at 488 (footnotes omitted).

Defendant points to Tenn. Code Ann. § 36-5-405 (i) (2010), which provides: "If a hearing before the judge is not requested, the findings and recommendations of the magistrate become the final decree of the court when confirmed by an order of the judge." This, however, is not dispositive as to whether the order was final under Tenn. R. Civ. P. 54.02. A somewhat analogous case is instructive. In *Housteau v. Williams*, 1991 WL 46684, at \*1 (Tenn. Ct. App. April 8, 1991), *no appl. perm. appeal filed*, the referee awarded mother attorney's fees in a matter concerning the father's failure to pay certain medical expenses. However, the referee left the amount for the attorney's fees blank. *Id*. No hearing was requested, and the trial court confirmed the referee's findings and recommendations. *Id*. Later, the referee amended his findings and recommendations to set a figure for attorney's fees. *Id*. The trial court ruled that its order of confirmation was final and that the issue of fees was foreclosed. *Id*. On appeal, we reversed and held that "[s]ince the referee's order was not final because it did not dispose of all issues, the chancellor prematurely reviewed the findings under § 36-5-405." *Id*. at \*2. In other words, regardless of whether a hearing is requested, an order confirming a magistrate's findings and recommendations is not final for Rule 54 purposes where it does not dispose of all issues. In this case, the April 2011 findings and recommendations contained the following language: "Balances of child support and spousal support shall be updated after hearing on modification of spousal support." Multiple issues were still outstanding at the time the findings were entered, and the Trial Court's order of confirmation was interlocutory rather than final. Therefore, in keeping with the law cited above, the Trial Court did not err in revisiting the child support modification issue during the December 2011 hearing.

With respect to Defendant's argument concerning notice, we find it unavailing for Defendant to suggest that he was in any way caught off guard by the Trial Court's addressing his petition to modify child support. Defendant was going to have to address the issue of his income if either child support *or* spousal support modification or modification of both was at issue. We hold that the Trial Court's order of confirmation was not a final order, and the Trial Court did not err in addressing Defendant's petition to modify child support along with Defendant's motion to modify his spousal support. We affirm the Trial Court as to this issue.[2]

We next address whether the Trial Court erred in declining to find Defendant's income to be $5,000 per month. Instead, the Trial Court set Defendant's income

---

[2]Given our resolution of Defendant's first issue, we need not address whether the Trial Court erred in relying on Tenn. R. Civ. P. 60 in setting aside its previous order confirming the magistrate's findings. Rule 60 was not implicated under these circumstances as there was no final judgment in the first place.

as $9,000, based on the figure arrived at in a previous hearing in this long-running controversy, with 10% added pursuant to applicable child support guidelines, for a total of $9,900 per month. The Trial Court heard the testimony of the witnesses, the summary of which we have already reviewed. As our Supreme Court has instructed:

> When credibility and weight to be given testimony are involved, considerable deference must be afforded to the trial court when the trial judge had the opportunity to observe the witnesses' demeanor and to hear in-court testimony. *Estate of Walton v. Young*, 950 S.W.2d 956, 959 (Tenn. 1997) (quoting *Randolph v. Randolph*, 937 S.W.2d 815, 819 (Tenn. 1996)). Because trial courts are able to observe the witnesses, assess their demeanor, and evaluate other indicators of credibility, an assessment of credibility will not be overturned on appeal absent clear and convincing evidence to the contrary. *Wells v. Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999).

*Hughes v. Metro. Gov't of Nashville and Davidson County*, 340 S.W.3d 352, 360 (Tenn. 2011).

The Trial Court noted in its final judgment that there was a "dearth of documentary evidence" concerning Defendant's income. In the Trial Court's order denying Defendant's motion to alter or amend, the Trial Court referred to documentary evidence introduced at the December 2011 hearing showing that Defendant had access to various business and personal accounts through which major deposits flowed. Defendant testified that he did not hide money, and that he accurately represented his income. The Trial Court, in its front-line role as assessor of the credibility of witnesses, found Defendant's credibility wanting. As the evidence does not preponderate against the Trial Court's findings relevant to this or any other issue, we find no reversible error in the Trial Court's finding as to Defendant's income. We affirm the judgment of the Trial Court on this issue as well.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Gerald Scott Harness, and his surety, if any.

_____
D. MICHAEL SWINEY, JUDGE