IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 04, 2014

## IN RE HANNAH M., ET AL.

**Appeal from the Juvenile Court for Sumner County**
**No. 2011JV154, 2012JV70    Randy Lucas, Special Judge**

_____

### No. M2013-02062-COA-R3-JV - Filed December 22, 2014

_____

This is a child custody and support case. The order appealed is not a final judgment so as to confer jurisdiction on this Court under Tennessee Rule of Appellate Procedure 3(a). Accordingly, we dismiss the appeal and remand the case to the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; the Appeal is Dismissed**

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Kimberly K. Schreiber, J. Ray Akers, and Quincy L. Salam, Mt. Juliet, Tennessee, for the appellant, S.M.A.C.

Patti B. Garner, Gallatin, Tennessee, for the appellee, K.J.C.

1

# MEMORANDUM OPINION[1]

## I. Background

The minor children at issue in this case were born in June 2006 and January 2009, respectively. On or about February 18, 2011, the children's maternal grandmother, K.J.C. ("Grandmother," or "Appellee") witnessed the children's mother, T.M. ("Mother"), smoking crack cocaine while the children were present in her home.[2] Grandmother called the police, who investigated the case. Mother was given a drug screen, and she tested positive for cocaine. At that point, the State of Tennessee Department of Children's Services ("DCS") became involved in the case and removed the children from Mother's home. The children were initially placed with their maternal great-grandmother.

On March 2, 2011, DCS filed a petition for dependency and neglect. Following a hearing on March 9, 2011, the court adjudicated the children to be dependent and neglected within the meaning of the law. On March 21, 2011, Grandmother filed a petition with the trial court, asking that the children be placed in her custody. As grounds for her petition, Grandmother averred that Mother was often present at the great-grandmother's home and was usually under the influence of drugs. On April 20, 2011, the trial court issued a bench order, placing custody of the minor children with Grandmother, pending further order of the court. In addition, the court found that S.M.A.C. ("Father," or "Appellant") had not been established as the father of the children and, therefore, did not have standing to proceed on Grandmother's petition for custody of the children. By order of May 9, 2011, the court allowed Grandmother to remove the children from the State of Tennessee to reside in her home in Missouri; however, the court retained jurisdiction over the case. Mother was also granted visitation with the children one day per month at the Sumner County Jail, where Mother was incarcerated. Father was granted supervised visitation pending a paternity determination.

On November 28, 2011, Mother moved the trial court to expand her visitation. Before the

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] In cases involving minor children, it is the policy of this Court to redact the parties' names so as to protect their identities.

court ruled on that motion, on January 10, 2012, Mother filed a petition asking that she be given full custody of the children. On the same day, the court held a hearing to review the case and ordered Mother to pay child support to the Grandmother. The court further ordered that Mother was not to have the children around Father.

On February 10, 2012, Father filed a petition to establish paternity. On March 7, 2012, the court ordered a DNA test, which revealed that S.M.A.C. was the children's biological father. On April 11, 2012, the court found that S.M.A.C. was the natural father of the minor children. The court further ordered that Father's visitation would continue per the May 9, 2011 order. The court, however, ordered that Father should begin making child support payments directly to Grandmother pending further orders of the court.

On June 18, 2012, the court approved a proposal by the parties, wherein Grandmother would continue to be custodian of the minor children, and Father would have visitation graduating into every other weekend. Mother was granted visitation one weekend per month. The court further ordered Father to pay child support to Grandmother, through Grandmother's attorney, pending the state of Missouri setting up a child support account in that state.

On December 21, 2012, the trial court ordered Father to stop having the children ask the Grandmother over the phone for additional visitation time. The court found his actions to be manipulative, not proper parenting, and not in the best interests of the children. The court further found that both Mother and Father had violated prior orders of the court by having contact with the children during Christmas 2011. Mother and Father were both again ordered to pay child support to Grandmother.

On April 30, 2013, Father filed a motion for temporary custody, asking the court to allow the children to reside with him, "subject to reasonable parenting time with the Mother and visits with [Grandmother]." Grandmother opposed the motion, arguing, *inter alia*, that Father has continued to violate the court's orders restraining him from making derogatory comments to the children about Grandmother and talking with the children about the pending case. Grandmother also averred that "Father is not a fit and proper party to maintain primary parenting responsibilities." Specifically, Grandmother stated that Father displayed abusive tendencies and failed to encourage a relationship between the children and Grandmother.

The trial court heard Father's petition on June 25, 2013. Our record contains an order, which is stamped "filed" on August 14, 2013; this order was later rendered void by the trial court's "Revised Order" of October 18, 2013, discussed *infra*. Grandmother then moved the court for an award of attorney's fees, but apparently did not file a motion. On September 24, 2013, Father filed an objection to Grandmother's motion for attorney's fees, arguing, *inter alia*, that Grandmother "was not awarded attorney's fees at the final hearing of this matter [i.e., June

25, 2013];" that Grandmother's attorney "drafted the final order and failed to include mention of fees;" and "more than thirty (30) days have elapsed since the August 14, 2013 signing of the order, making it final." The trial court heard arguments on the attorney's fee issue on October 8, 2013. By Order entered October 18, 2013, the court found, *sua sponte*, "that the Order that was entered [on August 14, 2013] was inadvertently signed and approved." On the same day, October 18, 2013, the court entered a "Revised Order." The "Revised Order" states, in relevant part:

> 2. The Father [], at this time, has failed to meet a burden of proof to show that there has been a material change of circumstances in this matter;
>
> 3. The Court finds that best interest with stability of the minor children lies in the home of [Grandmother], and it is in the best interest of the minor children to remain in the home of [Grandmother]. . . .
>
> 4. The Court finds that the Father has failed to substantially support the minor children. . . . Father has a child support arrearage in the amount of $4,500.00 and judgment is awarded to [Grandmother] in that amount. The Father shall pay an additional $250.00 per month [in addition to his $472.36 per month child support obligation] toward such arrearage. . . .
>
> 5. The Court finds that the Father knowingly disobeyed the Court[']s Orders and finds the Father to be in contempt in this matter. The Father shall be sentenced to ten (10) days in the Sumner County Jail. This sentence shall be held in abeyance pending further orders;

In addition, Father was awarded more visitation with the children. The order further provides that:

> 10. Counsel for [Grandmother] shall file a Motion for attorney fees.
>
> *                         *                         *
>
> 12. The Court shall review this matter on May 22, 2014 at 9:00 a.m.

4

Following entry of the "Revised Order," Grandmother filed a motion for attorney's fees, which motion was heard by the court on January 14, 2014. By order dated February 6, 2014, the trial court ordered Father to pay $1,254.00 to Grandmother in attorney's fees. The February 6, 2014 order reiterates the fact that the trial court intended to review the case on May 22, 2014:

> As found by the Court based upon the hearing conducted on June 25, 2013, the Father's situation had improved to the point that the Court could consider placing the children with him but due to his delay in establishing his paternity and his instability during that period of time, that the Court needed to see from him a period of stability in which he placed the interests of the children before his own and denied his petition for custody **but agreed to review the situation again on May 22, 2014**.

(Emphasis added).

## II. Issues

Father appeals. He raises four issues for review as stated in his brief:

> 1. Whether the court erred in recognizing [Grandmother's] standing to retain custody, in using an incorrect standard regarding a change in circumstances, and whether the Father has a superior right as a parent.
>
> 2. Whether the court erred in finding the Father in contempt of court.
>
> 3. Whether the court erred in calculating support and awarding an arrearage judgment against the Father for support to [Grandmother].
>
> 4. Whether the Court erred in awarding [Grandmother's] attorney's fees.

In the posture of Appellee, Grandmother raises the following additional issues for review:

5

1. Whether the order entered by the court was a final order and if not the appeal should be dismissed.

2. Whether the Father waived any appeal regarding his superior parental rights by failing to file a timely appeal after having been denied standing to proceed at the initial custody determination in 2011.

Grandmother also asks this Court to award her attorney's fees and costs in defense of this appeal, which she categorizes as frivolous.

## III. Analysis

We begin our analysis with Grandmother's first issue concerning the finality of the trial court's order. It is well settled that, in a civil case, an appeal as of right may be taken only after the entry of a final judgment. Tenn. R. App. P. 3(a). A final judgment is one that resolves all the issues in the case, "leaving nothing else for the trial court to do." ***State ex rel. McAllister v. Goode***, 968 S.W.2d 834, 840 (Tenn. Ct. App.1997). In contrast, an order that adjudicates fewer than all of the claims, rights, or liabilities of all the parties is not final, but is subject to revision any time before the entry of a final judgment. Tenn. R. App. P. 3(a). Such an order is interlocutory or interim in nature and generally cannot be appealed as of right. ***Id***. However, there is a mechanism, found in Rule 54.02 of the Tennessee Rules of Civil Procedure, by which a party may appeal an order that adjudicates fewer than all of the claims, rights, or liabilities of fewer than all the parties. Rule 54.02 provides as follows:

> When more than one claim for relief is present in an action ... or when multiple parties are involved, the court ... may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Thus, Rule 54.02 requires, as a prerequisite to an appeal as of right of an interlocutory order, the certification by the trial judge that the judge has directed the entry of a final judgment as to one or more but fewer than all of the issues of the parties, and that the court has made an express determination that there is no just reason for delay. *Stidham v. Fickle Heirs*, 643 S.W.2d 324, 325 (Tenn.1982). Such certification by the trial court creates a final judgment appealable as of right. *Id.* In the instant case, we note that neither the October 18, 2013, nor the February 6, 2014 order contains Rule 54.02 language. Rather, both of these orders specifically note the trial court's intent to review the case on May 22, 2014. It is well settled that "[a] trial court speaks through its orders." *Palmer v. Palmer*, 562 S.W.2d 833, 837 (Tenn. Ct. App.1977). Based upon the plain language that the trial court used in both of these orders, we can only conclude that it did not intend to finalize its decision until after further review. The order appealed cannot technically be a final order until all matters between the parties are adjudicated. *Corder v. Corder*, 231 S.W.3d 346, 358 (Tenn. Ct. App. 2006) (finding that an order reserving an issue is not a final order and would not have a res judicata effect) (citing *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 459–60 (Tenn.1995)). "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn.2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn.Ct.App.1997)). Here, there was clearly more for the trial court to do based upon its stated intent to review the case at a later date. The trial court's specific reservation indicates that its orders were not final as they were "subject to revision any time before the entry of a final judgment." *Id*.; Tenn. R. Civ. P. 54.02. Because a trial court reserved review, we can only conclude that the case was still within the bosom of the trial court, and further modifications were permissible and within the trial court's discretion. *Wall v. Wall*, No. W2010–01069–COA–R3–CV, 2011 WL 2732269, at *22 (Tenn. Ct. App. July 14, 2011) (finding issues addressed in a non-final order "remain in the bosom of the trial court, and any rulings in the order may be modified at any time before a final order is entered.") (citing *Greer v. Greer*, No. W2009–01587–COA–R3–CV, 2010 WL 3852321, at *6 n. 7 (Tenn. Ct. App. Sept. 30, 2010)); *see also* Tenn. R. Civ. P. 54.02 ("[A]ny order ... that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order ... is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties."). Because we cannot conclude that the orders of the trial court were final and appealable as of right under Tennessee Rule of Appellate Procedure 3(a), this Court does not have jurisdiction to adjudicate the appeal.

## IV. Attorney's Fees on Appeal

Grandmother contends that she is entitled to costs and attorney's fees incurred in defending this appeal pursuant to Tennessee Code Annotated Section 27-1-122, which provides:

7

> When it appears to any reviewing court that the appeal from any
> court of record was frivolous or taken solely for delay, the court
> may, either upon motion of a party or of its own motion, award
> just damages against the appellant, which may include, but need
> not be limited to, costs, interest on the judgment, and expenses
> incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27–1–122. Specifically, Grandmother contends that the lack of a final order in this case indicates that Father's appeal is frivolous. We must apply this statute strictly so that we do not discourage legitimate appeals. *Davis v. Gulf Ins. Group*., 546 S.W.2d 583, 586 (Tenn.1977). "An appeal is deemed frivolous if it is devoid of merit or if it has no reasonable chance of success." *Wakefield v. Longmire*, 54 S.W.3d 300, 304 (Tenn. Ct. App. 2001). Although the award of damages for the filing of a frivolous appeal lies within the sound discretion of this Court, *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 341 (Tenn.1985), our Supreme Court has cautioned that: "[I]mposing a penalty for a frivolous appeal is a remedy which is to be used only in obvious cases of frivolity and should not be asserted lightly or granted unless clearly applicable–which is rare." *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 342 (Tenn. 2010). Considering the totality of the circumstances, and the fact that the finality of the trial court's order is a genuine question based upon the particular language used therein, we respectfully deny Grandmother's request for attorney's fees and costs of appeal.

## V. Conclusion

For the foregoing reasons, we dismiss the appeal. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant/Father, S.M.A.C., and his surety, for all of which execution may issue if necessary.


_____
KENNY ARMSTRONG, JUDGE

8